PEOPLE v LYLES

1. CRIMINAL LAW—GUILTY PLEA—COURT RULES.

A criminal defendant's guilty plea will not be set aside upon his contention that the plea was not acknowledged on the record by the prosecutor, defendant, and defense counsel in accordance with the court rule regarding such pleas, where the record reveals a number of references to the plea bargain agreement and sufficient acknowledgment of that agreement by all parties to satisfy the requirements of the rule (GCR 1963, 785.7[2]).

2. CRIMINAL LAW—SENTENCES—INDETERMINATE SENTENCE ACT—ONE-YEAR SENTENCES—MISDEMEANORS—FELONIES—STATUTES.

A one-year jail sentence for a misdemeanor is not subject to the provisions of the indeterminate sentence act; a one-year county jail sentence for a felony is likewise not subject to the provisions of the act (MCLA 769.8; MSA 28.1080).

3. CRIMINAL LAW—INDETERMINATE SENTENCES ACT—APPLICATION—MAXIMUM SENTENCES—STATUTES.

The indeterminate sentence act does not apply to jail sentences imposed pursuant to the statute regarding commitments or sentences to imprisonment for a maximum of one year or less (MCLA 769.8, 769.28; MSA 28.1080, 28.1097[1]).

4. CRIMINAL LAW—SENTENCES—LENIENCY IN SENTENCING—TIME SERVED BY DEFENDANT BEFORE TRIAL—CREDIT—BOND—REMEDIAL STATUTES—CONSTRUCTION—STATUTES.

Leniency in sentencing does not satisfy the requirement that a defendant convicted of a crime in this state be given credit for any time served prior to sentencing because of being denied or unable to furnish bond; the statute regarding such credit for time served is remedial in nature and is to be liberally construed (MCLA 769.11b; MSA 28.1083[2]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 484 et seq.

Validity of guilty pleas—Supreme Court cases. 25 L Ed 2d 1025.

[2, 3] 21 Am Jur 2d, Criminal Law §§ 540, 592.

[4] 21 Am Jur 2d, Criminal Law §§ 533, 545.

73 Am Jur 2d, Statutes §§ 278–280.

Appeal from Genesee, Harry B. McAra, J. Submitted June 21, 1977, at Lansing. (Docket No. 77-393.) Decided July 7, 1977.

Arthur A. Lyles was convicted, on his plea of guilty, of the attempted carrying of a concealed weapon. Defendant appeals. Affirmed as modified.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*James W. Lang,* for defendant.

Before: D. F. WALSH, P. J., and QUINN and H. D. STAIR,* JJ.

PER CURIAM. Defendant was charged with carrying a concealed weapon. MCLA 750.227; MSA 28.424. Pursuant to a plea bargain agreement he entered a plea of guilty to a charge of the attempted carrying of a concealed weapon. MCLA 750.92; MSA 28.287. He was sentenced to one year in the county jail and now appeals raising three issues for our consideration.

Defendant first contends that the guilty plea should be set aside because the plea agreement was not acknowledged on the record by the prosecutor, defendant, and defense counsel. GCR 1963, 785.7(2). We disagree. A review of the record reveals a number of references to the plea bargain agreement and sufficient acknowledgment of that agreement by all parties to satisfy the requirements of the rule. We find no reversible error.

Defendant next argues that the trial court erred

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in failing to impose a minimum sentence in conformity with the indeterminate sentence act, MCLA 769.8; MSA 28.1080 as interpreted by *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972).

MCLA 769.28; MSA 28.1097(1) provides in pertinent part as follows:

"Notwithstanding any provision of law to the contrary, in case of the commitment or sentence of any persons convicted of crime or contempt of court to imprisonment for a maximum of 1 year or less, such commitment or sentence shall be made to the county jail of the county in which such person was convicted or to the Detroit house of correction, and not to a state penal institution * * * ."

It has previously been held that a jail sentence of one year for a misdemeanor is not subject to the indeterminate sentence act. *People v Leonard,* 51 Mich App 368, 370; 214 NW2d 888 (1974). The rule should be no different for one-year county jail sentences for felonies. We rule, therefore, that the indeterminate sentence act is inapplicable to any jail sentence imposed pursuant to MCLA 769.28; MSA 28.1097(1).

Finally, defendant contends that the trial court erred in denying credit for 77 days served in jail prior to sentencing. We agree. MCLA 769.11b; MSA 28.1083(2) requires that credit be given for any time served in jail prior to sentencing because of being denied or unable to furnish bond. Leniency in sentencing does not satisfy this requirement. *People v Chattaway,* 18 Mich App 538, 541; 171 NW2d 801 (1969). The statute is remedial and is to be liberally construed. *People v Clark,* 43 Mich App 476, 486; 204 NW2d 332 (1972). The prosecutor has cited no authority for his conten-

tion that credit was properly refused in this case. We know of no authority that could be cited.

Pursuant to GCR 1963, 820.1(7), it is ordered that defendant's sentence be and hereby is amended so as to credit defendant with the 77 days served prior to sentencing.

Affirmed as modified.