PEOPLE v STRICKLAND

1. APPEAL AND ERROR—CRIMINAL LAW—JUDGE'S CONDUCT—BIAS—
   FAIR TRIAL.

   A trial judge's conduct in a nonjury trial in which he injected
   himself into the roles of the advocates by asking questions of
   witnesses, interrupting questioning and testimony, and accom-
   panying his rulings with argumentative statements was not
   reversible error where the record does not indicate that the
   judge was biased or that the defendant was denied a fair trial.

2. APPEAL AND ERROR—FAILURE TO OBJECT—PRESERVING QUESTION.

   Generally, failure to make timely objection at trial precludes
   appellate review of alleged errors in the conduct of the trial.

3. CRIMINAL LAW—PREJUDICE—ELEMENTS OF OFFENSE—INTENT—
   JUDGE'S ERRONEOUS BELIEF.

   A defendant was neither harmed nor prejudiced where the judge
   in a nonjury trial may have erroneously believed that intent
   was an element of the offense with which the defendant was
   charged because if the judge so believed the effect was to
   impose a greater burden of proof on the prosecution than the
   law required.

4. CRIMINAL LAW—SENTENCING—PRE-SENTENCE REPORT—FELONIES—
   STATUTES.

   A case should be remanded for resentencing where the defendant,
   convicted of an offense classified as a felony, was sentenced
   prior to the completion of a pre-sentence report, which is
   required before sentencing of any person charged with a felony
   (MCLA 771.14; MSA 28.1144).

Appeal from Recorder's Court of Detroit, Traffic
and Ordinance Division, William C. Hague, J.

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 493.
[2] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 81.
[4] 21 Am Jur 2d, Criminal Law § 527.

Submitted October 4, 1977, at Detroit. (Docket No. 30390.) Decided November 8, 1977.

Ronald C. Strickland was convicted in the Traffic and Ordinance Division of Detroit Recorder's Court of failing to stop and identify himself at the scene of a personal injury automobile accident. Defendant appeals. Affirmed, but remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Edward R. Wilson,* Principal Attorney, Appeals, for the people.

*Bellanca & Beattie* (by *Gasper J. Gammicchia),* for defendant on appeal.

Before: D. F. WALSH, P. J., and V. J. BRENNAN and BEASLEY, JJ.

BEASLEY, J. In a nonjury trial in the Traffic and Ordinance Division of the Detroit Recorder's Court, defendant was convicted of failing to stop and identify himself at the scene of a personal injury automobile accident in which he was involved.[1] Defendant was sentenced to serve one year in the Detroit House of Correction. He appeals as of right.

Defendant claims the actions, comments and conduct of the trial judge, taken together as a whole, indicate bias and deprived defendant of a fair and impartial trial.

Review of the record as a whole indicates that the trial judge chose to ask questions of witnesses far more often than seemed necessary. Also, on several occasions, he accompanied his rulings with

[1] MCLA 257.617; MSA 9.2317.

argumentative statements that invited argumentative responses by counsel. There were interruptions by the trial judge of questioning by the attorneys and of testimony of witnesses that would have been better omitted. A judge should learn to discipline the urge to inject himself into the advocates' roles and to let trials take their course; the umpire should not try to participate in the contest. However, this record does not indicate that the trial judge was biased; in fact, it is a fair conclusion that he believed he was helping both sides. The conduct of the trial judge did not deny defendant a fair trial, and did not rise to the level that would require reversal.

Furthermore, no objection was made at trial to the alleged errors now asserted. The general rule is that failure to make timely objection precludes appellate review.

Defendant also complains that the trial judge found defendant guilty of a different charge than that made by the prosecutor. Defendant says the trial judge erroneously believed intent was a necessary element of the offense. In his findings, the trial judge found defendant intentionally inflicted injury upon the complainant with his car. While intent to injure is not a necessary element of the offense charged against defendant, if the trial judge believed otherwise, the effect was to impose a greater burden of proof on the prosecution than the law required. Consequently, there was neither harm nor prejudice to defendant, even if the facts were as defendant asserts.

Defendant's final claim is that sentence should not have been imposed prior to the completion of a pre-sentence report. We agree.

Michigan law, by statute, requires that a written report be prepared by the probation officer prior to

the sentencing of any person charged with a felony.[2] At the time of defendant's offense, the statute then in effect did not specifically state that the offense was a felony.[3] However, the maximum possible penalty was five years in the state prison. Since this maximum penalty would cause the offense to be classified as a felony,[4] a pre-sentence report was required.

Therefore, defendant's conviction is affirmed, and we remand for resentencing in accordance with our opinion. We retain no jurisdiction.

[2] MCLA 771.14; MSA 28.1144.

[3] 1958 PA 35.

[4] MCLA 761.1(g); MSA 28.843(g).