PEOPLE v HARPER

Docket No. 29344. Submitted November 1, 1977, at Detroit.—Decided
     May 22, 1978. Leave to appeal applied for.

Karle Harper was convicted, upon his plea of nolo contendere, of
     four counts of first-degree criminal sexual conduct involving
     two acts of penetration and one count of armed robbery in
     Recorder's Court of Detroit, Joseph E. Maher, J. The trial court
     relied on the preliminary examination transcript and the vic-
     tim's testimony at the plea proceedings to establish a factual
     basis for the crimes and sentenced defendant to concurrent
     terms of 10 to 15 years on each count. Defendant appeals. *Held:*

1. Only one conviction of criminal sexual conduct can result
     from a single act of intercourse.

2. Informing defendant that he may be sentenced to "any
     term of years" sufficiently complies with the court rule requir-
     ing a trial judge to advise a defendant of the possible minimum
     sentence prior to accepting a plea of nolo contendere.

3. The phrase "any term of years" in a statute providing
     punishment for criminal conduct mandates a minimum sen-
     tence of a year and a day.

4. A trial court, in accepting a plea of nolo contendere, must
     state a reason justifying a departure from direct questioning of
     defendant and, where no such reason appears on the record,
     the case should be remanded to supplement the record with
     instructions that, if no reason can be given, the plea must be
     vacated and the case set for trial.

Convictions vacated and dismissed with prejudice with regard
     to two counts of criminal sexual conduct and remanded for
     supplemental proceedings with regard to the remaining convic-
     tions.

BEASLEY, J. concurred with the decision to remand the case

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 6] 21 Am Jur 2d, Criminal Law § 189.
     65 Am Jur 2d, Rape § 41.
[3, 4] 21 Am Jur 2d, Criminal Law §§ 525 *et seq.,* 540, 592.
[5] 21 Am Jur 2d, Criminal Law §§ 497–502.
[7] 5 Am Jur 2d, Appeal and Error § 760.

for supplemental proceedings regarding the plea of nolo contendere but dissents from the dismissal of two counts of criminal sexual conduct. He would hold that the Legislature did not intend to limit convictions under the criminal sexual conduct statute to one per sexual penetration.

D. E. HOLBROOK, JR., J., concurred in the result but deferred in commenting on the meaning of "any term of years".

OPINION OF THE COURT

1. RAPE—STATUTES—CRIMINAL SEXUAL CONDUCT—LEGISLATIVE INTENT—SINGLE ACTS.

The Legislature intended but one conviction under the criminal sexual conduct act could result from a single act of intercourse (MCL 750.520b; MSA 28.788[2]).

2. RAPE—CRIMINAL SEXUAL CONDUCT—MULTIPLE CONVICTIONS—SINGLE ACTS.

A defendant may not be found guilty of both criminal sexual conduct in connection with the commission of another felony and criminal sexual conduct perpetrated or accomplished while armed with a weapon where only a single act of sexual penetration occurred (MCL 750.520b; MSA 28.788[2]).

3. CRIMINAL LAW—STATUTES—SENTENCING—WORDS AND PHRASES—ANY TERM OF YEARS—MINIMUM SENTENCE.

A criminal statute providing for punishment by imprisonment for life or "any term of years" mandates a minimum prison sentence of a year and a day (MCL 750.520b, 750.529; MSA 28.788[2], 28.797).

4. CRIMINAL LAW—ROBBERY—RAPE—GENERAL COURT RULES—SENTENCING—MINIMUM SENTENCE—COURT RULES.

Advice to a defendant who is charged with first-degree criminal sexual conduct and armed robbery that he may be imprisoned for "any term of years" satisfies a court rule requiring a court to inform a defendant of the minimum sentence required by law prior to accepting his nolo contendere plea, especially where defense counsel has no objection and is satisfied that the requirements of the rule have been met (GCR 1963, 785.7).

5. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—GENERAL COURT RULES—APPEAL AND ERROR.

A court rule mandating that a court "state why a plea of nolo contendere is appropriate" requires a court, upon accepting such a plea, to give a valid reason on the record justifying a departure from the direct questioning of the defendant; where

the record does not show such a valid reason the case must be remanded for supplementation of the record and, if no such reason can be stated, the plea must be vacated and the case set for trial.

Concurrence in Part, Dissent in Part by Beasley, J.

6. Rape—Statutes—Criminal Sexual Conduct—Legislative Intent—Single Acts.

   *The Legislature did not intend to limit convictions under the criminal sexual conduct statute to one conviction per sexual penetration (MCL 750.520b; MSA 28.788[2]).*

Concurrence in Part, Dissent in Part by D. E. Holbrook, Jr., J.

7. Appeal and Error—Necessary Issue—Dictum.

   A discussion by the Court of Appeals of an issue which is unnecessary for the disposition of an appeal amounts to dictum.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Research, Training and Appeals, and *Robert Weisberg,* Assistant Prosecuting Attorney, for the people.

*Thomas A. Law,* for defendant.

Before: Beasley, P. J., and D. E. Holbrook, Jr. and M. J. Kelly, JJ.

M. J. Kelly, J. On March 15, 1976, defendant pled nolo contendere to four counts of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), and one count of armed robbery, MCL 750.529; MSA 28.797, in Recorder's Court for the City of Detroit. The trial court relied on the preliminary examination (December 15, 1975) transcript and repeat of testimony by the victim at the plea proceedings to establish a factual basis for the instant crimes.

On March 19, 1976, the court sentenced defendant to concurrent sentences of 10 to 15 years on each of four counts of criminal sexual conduct and one count of armed robbery.

The trial judge denied defendant's motion to vacate sentence, motion for evidentiary hearing, and motion to withdraw his plea on June 29, 1976. Defendant appeals as of right.

There were two distinct sexual acts, each charged in connection with the commission of another felony, and then each charged as being perpetrated or accomplished while armed with a weapon. We hold that two of the convictions must be set aside and the charges dismissed.

At the sentencing proceedings on March 19, 1976, the following colloquy took place between defense counsel and the court:

"*Mr. Arduin:* Pardon me, your Honor, I don't mean to interrupt but I would also like to clarify to the Court that there was *[sic]* only two acts of penetration, fellatio and intercourse, although they were perpetrated by different means under the subsections of the statute. So while there is *[sic]* four particular counts of criminal sexual conduct, there was *[sic]* only two active acts of sexual—

"*The Court:* Yes, I understand that but he pled guilty to all five counts in the Information and there were two where a weapon was used and that's why there were separate counts. So they more or less mell with one another but the point is that I have to sentence him on each count. They all carry the same maximum penalty.

"Of course, any sentence that I impose will run concurrent with the others; do you *[sic]* understand that, don't you?"

This Court has recently held in *People v Willie Johnson,* 75 Mich App 221, 224; 255 NW2d 207 (1977):

"We are convinced that the Legislature intended that but one conviction under the criminal sexual conduct act could result from a single act of intercourse."

The *Johnson* Court held that where there was only one sexual penetration of one victim only one conviction could stand. The jury had found Johnson guilty on two counts, and this Court vacated the conviction on one of the counts.

In a more recent case, *People v Nelson,* 79 Mich App 303, 305; 261 NW2d 299 (1977), another panel of this Court refused to follow *Johnson.* In *Nelson,* the defendant was convicted on four counts of criminal sexual conduct. The trial court explained the following charges in *Nelson:*

"So count one alleges intercourse with a person under the age of thirteen. Count two alleges intercourse while the defendant was allegedly armed with a weapon. Count three alleges fellatio with a person under the age of thirteen; and count four alleges fellatio with defendant allegedly then and there armed with a weapon or an article used or fashioned in the manner to lead a person to reasonably believe it to be a weapon."

The *Nelson* panel of this Court affirmed defendant's conviction on all four counts. It mentioned the *Willie Johnson* case in a footnote, *Nelson, supra* at 319, n 35, and an attempt was made to distinguish *Nelson* from the standpoint that the victim was a child. We think such a distinction not appropos. The *Johnson* Court and the *Nelson* Court are in diametric opposition on this issue. We follow the *Johnson* decision and resolve the issue by vacating Harper's conviction on two counts and we set aside the sentence on each of those two counts and dismiss with prejudice. Because each of the counts are drawn from one statutory section

and each conviction resulted in the same sentence we find it unnecessary to remand. See also *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977).

The next issue is whether the trial court properly advised the defendant of the possible maximum or minimum sentences in substantial compliance with GCR 1963, 785.7(1)(b).

In addressing this issue both parties refer to a section of the court rule that had been superseded at the time of these proceedings below. The court rule referred to by the parties was amended by the Supreme Court in *Guilty Plea Cases,* 395 Mich 96, 138–139; 235 NW2d 132 (1975). The effective date of the amendment was December 7, 1975. The nolo contendere proceeding below took place on March 15, 1976.

The applicable court rule is found in GCR 1963, 785.7(1)(b), referring to a maximum possible prison sentence, and GCR 1963, 785.7(1)(d), referring to mandatory minimum prison sentence, if any.

On page 3 of the plea transcript the court advised the defendant that he could receive a sentence of up to life imprisonment or any number of years in the discretion of the court. In so stating the trial court sufficiently complied with GCR 1963, 785.7(1)(b), having advised the defendant of the maximum possible prison sentence of life imprisonment. See *Guilty Plea Cases,* 395 Mich at 117–118.

The oft-recurring question is whether or not the phrase contained in the armed robbery statute and the first-degree criminal sexual conduct statute of "imprisonment in the state prison for life or for any term of years" is subject to being construed as providing a mandatory minimum sentence requiring advice to be given by the trial judge under

GCR 1963, 785.7(1)(d), MCL 750.529; MSA 28.797, MCL 750.520b(2); MSA 28.788(2)(2).

As to minimum sentence the trial court in the instant case advised the defendant:

"*The Court:* * * * you could receive any number of years up to life imprisonment to this offense. You're aware of that; are your *[sic]* not?

"*Mr. Harper:* Yes, sir.

"*The Court:* A person convicted or *[sic]* armed robbery and criminal sexual conduct of the first degree can receive as high as life imprisonment or any number of years in the discretion of the court. However, it's mandatory upon the court as far as armed robbert *[sic]* is concerned that the court sentence you to some term of years; do you understand that?

"*Mr. Harper:* Yes, sir."

In *People v Burridge,* 99 Mich 343; 58 NW 319 (1894), the Court held that where a statute provides imprisonment for life or any term of years, a minimum sentence imposed shall be not less than two years.

The *Burridge* case has recently been discredited by this Court based upon *Guilty Plea Cases, supra,* and in *People v McKnight,* 72 Mich App 282, 284; 249 NW2d 392 (1976), *lv den,* 399 Mich 848 (1977).[1] The *McKnight* Court stated that "there is no

[1] The *Burridge* two-year minimum required for "any term of years" is less convincing under the instant armed robbery statute, MCL 750.529; MSA 28.797. The statute provides a specific minimum sentence of two years for armed robbery if an aggravated assault or serious injury is also inflicted, whereas for an armed robbery without the aggravated assault or serious injury the defendant may be punishable for "any term of years" as a minimum. Logically, "any term of years" necessarily must be flexible enough to include a minimum less than the two-year minimum required under the statute for an act with the added dimension.

Furthermore, if the Legislature intended "any term of years" to mean two years as a minimum, as the *Burridge* Court holds, the two-year minimum for the added aggravated assault or serious injury is redundant.

necessity to advise the defendant of any minimum sentence before accepting a plea of guilty to an offense punishable by imprisonment for life or 'any term of years' ''. McKnight had entered a plea of guilty to a charge of armed robbery.

In a later case, a panel of this Court has stated that "there is no mandatory minimum sentence for armed robbery". *People v Freeman,* 73 Mich App 568, 570; 252 NW2d 518 (1977). But there is. It is "any number of years". If that phrase does not mean, under *Burridge,* two years, (see fn 1, *supra)* then what does it mean?

The general rules of construction in MCL 8.3; MSA 2.212 are mandatory in construing the statutes of this state unless such construction would be "inconsistent with the manifest intent of the legislature". The fact that under the instant statutes the Legislature has used such a flexible phrase as "any term of years" suggests no manifest intent contra to use of the statutory rules of construction.

"Any term of years" means no less than one calendar year. This finding is based upon MCL 8.3b; MSA 2.212(2), which provides "years" may be construed as "year", and under MCL 8.3j; MSA 2.212(10), "the word 'year' '' equals "a calendar year".

GCR 1963, 785.7(1)(d) applies to "prison" sentences (*i.e.,* "the mandatory minimum *prison* sentence"), and under Michigan law there can be no prison term for a defendant serving *one year or less.* MCL 769.28; MSA 28.1097(1). See *People v Lyles,* 76 Mich App 688; 257 NW2d 220 (1977). Furthermore, under MCL 761.1(g); MSA 28.843(g), " 'felony' means an offense for which the offender, upon conviction, may be punished by death or by imprisonment for *more* than one year or an of-

fense expressly designated by law to be a felony". (Emphasis added.) See *People v Strickland,* 79 Mich App 454; 263 NW2d 11 (1977).

Black's Law Dictionary defines "prison" as synonomous with penitentiary "to designate institutions for the imprisonment of persons convicted of the more serious crimes, as distinguished from reformatories and county or city jails". Black's Law Dictionary (4th ed), 1358 (1951).

"We are guided by two canons of statutory construction: First, that statutes *in pari materia* must be construed together and, second, if language is plain and unambiguous it must be given effect." *People ex rel Oakland Prosecuting Attorney v Bureau of Pardons & Paroles,* 78 Mich App 111, 119; 259 NW2d 385 (1977). Construing the statutes and case authorities together mandates a term of *more than one year* and thus provides the "mandatory minimum" sentence for which a "prison" term, required under GCR 1963, 785.7(1)(d), will be necessary. Anything less than or equal to one calendar year would not satisfy the requirement of a "prison" term under the statute. MCL 769.28; MSA 28.1097(1).

The conclusion that more than one calendar year is mandated as a minimum sentence, necessarily implies that more than 18 months is required for a (minimum) maximum sentence to satisfy the indeterminate sentence act. See *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972).

Our analysis does not require reversal here. First of all defense counsel had no objection and was satisfied with the court's compliance with GCR 1963, 785.7 in this regard. Secondly, under prior case law advice to the defendant that he was required to be imprisoned for a minimum of a term of years was sufficient. Neither do we say

that in the future since "any term of years" mandates a minimum sentence of a year and a day that fact must be communicated to the defendant in those words under pain of reversal. We suggest only that a more exact way of stating the rule appears to be: A defendant who must be sentenced to "any term of years" may not be sentenced to less than a minimum of a year and a day (366 days) to a (minimum) maximum of 18 months and 1-1/2 days (549 days).[2]

The next issue is whether the trial judge properly complied with GCR 1963, 785.7(2) in placing the complete plea agreement and sentence bargain on the record and having defendant and his counsel affirmatively acknowledge same.

After the usual preliminaries the court inquired of the defendant if he understood the sentence bargain. The defendant answered "yes". The court observed:

"*The Court:* It's written right here on the nolo contendere plea form. It indicates right there what sentence would be imposed or agreed upon. You're aware of that; are you not?

"*Mr. Harper:* Yes, sir.

"*The Court:* All right. Ten to fifteen years. I don't usually put it on the record because it's on here.

"*Mr. Arduin* (defense counsel): Your Honor, it's my understanding that everything has to be on the record.

---

[2] We offer with some trepidation the following mathematical equation:

A year and a day $= 366$

$$\frac{366}{x} = \frac{1}{1.5}$$

$x = 549$

We prescind from discussing leap year observing that we are dealing in a definition, not any given segment of the Gregorian calendar.

"*The Court:* All right. The bargaining that was entered into between the court and the defense attorney was that the maximum sentence would be fifteen years and the top minimum sentence would be ten years. That was the plea bargaining entered into on this case. Is that correct Mr. Arduin?

"*Mr. Arduin:* That's correct, your Honor.

"*The Court:* Do you understand this, Mr. Harper?

"*Mr. Harper:* Yes."

We find compliance with the court rule.

The next issue is did the trial court sufficiently articulate the reasons why a plea of nolo contendere was appropriate under GCR 1963, 785.7(3).

Both parties brief this issue as though the applicable rule were GCR 1963, 785.7(3)(d).[3] That rule was replaced effective December 7, 1975, *Guilty Plea Cases,* 395 Mich at 138–141. The rule presently in effect is GCR 1963, 785.7(3)(b) which mandates that the court "state why a plea of nolo contendere is appropriate". Under the old rule the court was required to state its "reasons for believing that the interests of the defendant in the proper administration of justice did not require interrogation of the defendant regarding his participation in the crime".

The Supreme Court has interpreted the new rule substantially the same as the old rule. In *People v Eugene P Jones,* 399 Mich 873, 874 (1977), the Supreme Court remanded the case "for supplementation of the record regarding the acceptance of the nolo contendere plea. GCR 1963, 785.7(3)(b)". The Court in a memorandum opinion stated "the trial court's stated reasons for accept-

---

[3] Under either applicable rule the criticism of *People v Gonzales,* 70 Mich App 319; 245 NW2d 734 (1976), appears to be apropos.

ing the plea of nolo contendere are not reasons
within the meaning of GCR 1963, 785.7(3)(b) which
would justify departure from the direct question-
ing of the defendant and acceptance of a plea of
nolo contendere". See also *Guilty Plea Cases,* 395
Mich at 132–135.

Similarly, in *People v Holcomb,* 400 Mich 840–
841 (1977), the Court remanded the case for sup-
plementation of the record when the trial court
had not stated reasons for accepting the plea of
nolo contendere. *Guilty Plea Cases,* 395 Mich at
132–135.

The instant record indicates that the trial court
did not state any reasons on the record for accept-
ing the nolo contendere plea which would justify a
departure from the direct questioning of the de-
fendant. The trial court did rely on the prelimi-
nary examination transcript to provide a factual
basis for defendant's nolo plea. This is proper.
*People v Belanger,* 73 Mich App 438, 455; 252
NW2d 472 (1977), and cases cited therein. Even
under the new rule the case must be remanded to
the trial court for supplementation of the record to
indicate reasons for accepting the plea of nolo
contendere. If the trial court is unable to state a
valid reason for not personally interrogating the
defendant, then the plea must be vacated and the
case set for trial. See *People v Holcomb, supra,
People v Eugene P Jones, supra,* and *People v
Seaman,* 75 Mich App 546, 550; 255 NW2d 680
(1977), interpreting the new court rule GCR 1963,
785.7(3)(b).

Remanded for proceedings consistent with this
opinion.

We follow the lead of the Supreme Court and do
not retain jurisdiction in accordance with *People v
Holcomb* and *People v Eugene P Jones, supra.*

BEASLEY, P. J. *(concurring in part; dissenting in part).* I concur with that part of the opinion which remands for supplementation of the record regarding the trial judge's reasons for accepting the plea of nolo contendere.

I dissent from that part of the opinion which dismisses two counts of criminal sexual conduct, first degree, on the strength of *People v Willie Johnson.*[1]

I would believe *People v Nelson*[2] is the more compelling articulation of the Legislature's intentions in enacting the new criminal sexual conduct statute in 1975. I find it inconceivable that at a time when the increase in violent crime is a problem of major proportion this Court would base its interpretation of this statute on application of a rule of lenity.[3]

Like the majority, I would find *People v Gonzales*[4] apropos. Therefore, I would remand for supplementation of the record in accordance with this opinion.

D. E. HOLBROOK, JR., J. *(concurring in part; dissenting in part).* I agree with the result reached by Judge KELLY together with his analysis of the issues except the commentary relating to what is meant by "any term of years" and as to this I reserve my judgment. In my opinion, any discus-

---

[1] 75 Mich App 221; 255 NW2d 207 (1977).

[2] 79 Mich App 303; 261 NW2d 299 (1977).

[3] *See, People v Willie Johnson, supra,* at 225–226, where that panel said:

"It was on these and similar considerations that the 'rule of lenity', as defined and applied in *People v Bennett,* 71 Mich App 246; 247 NW2d 368 (1976), was formulated to resolve ambiguities in a single statutory scheme in favor of permitting only one rather than two criminal convictions absent clear legislative guidance to the contrary." (Footnote omitted.)

[4] 70 Mich App 319; 245 NW2d 734 (1976).

sion thereof is unnecessary to the disposition of the instant appeal and amounts to no more than dictum. I prefer to defer my views on such issue to a more appropriate time when its resolution would be authoritative.