PEOPLE v DAVIDSON

Docket Nos. 51411, 51511. Submitted October 13, 1981, at Detroit.—
Decided December 16, 1981.

Rudolph L. Davidson pled guilty to armed robbery and to break-
ing and entering an occupied dwelling with intent to commit
larceny, Recorder's Court of Detroit, Craig S. Strong, J. The
two offenses occurred at different times but the pleas to both
were taken at the same proceeding and the defendant was
sentenced to identical, concurrent prison terms. The defendant
appeals both convictions and the appeals were consolidated. In
both appeals the defendant alleges, *inter alia,* that the trial
court erred by not informing him of a mandatory minimum
sentence or that he could not be placed on probation for the
armed robbery. *Held:*

A trial court is required to inform a defendant who pleads
guilty of the mandatory minimum prison term, if any, for the
offense. Armed robbery, punishable by imprisonment for life or
any term of years, has no mandatory minimum. Further, the
failure to inform the defendant that he could not be placed on
probation does not require reversal because the defendant
knew that he was going to prison as a result of a plea agree-
ment.

Affirmed.

N. J. KAUFMAN, P.J., dissented. He would hold that the
phrase "any term of years" does state a minimum prison term
because a defendant convicted of armed robbery may not be
placed on probation and that the failure of the trial court to
inform the defendant that he would be required to serve a
minimum prison term was error. He would reverse and remand
for a new trial.

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 67 Am Jur 2d, Robbery §§ 4, 78.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 481, 630.
[3] 21 Am Jur 2d, Criminal Law §§ 472, 476.

OPINION OF THE COURT

1. ROBBERY — ARMED ROBBERY — SENTENCING.

There is no mandatory minimum sentence for armed robbery, which is punishable by imprisonment for life or any term of years; therefore, a trial court did not commit reversible error when it failed to inform a defendant pleading guilty to armed robbery of a mandatory minimum sentence.

2. ROBBERY — ARMED ROBBERY — SENTENCING.

Failure of a trial court to inform a defendant who is pleading guilty to armed robbery that the offense is nonprobationable is not error requiring reversal where the defendant knows that he is going to serve a prison sentence as a result of a plea agreement (MCL 771.1; MSA 28.1131).

DISSENT BY N. J. KAUFMAN, P.J.

3. ROBBERY — ARMED ROBBERY — SENTENCING.

*A trial court, in accepting a guilty plea to armed robbery, should be required to inform the defendant that, because he may not be placed on probation, he will be sentenced to a mandatory minimum prison sentence, even though the court may not be able to state precisely what the minimum sentence will be (MCL 771.1; MSA 28.1131).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *William T. Morris,* Assistant Prosecuting Attorney, for the people.

*Elliot D. Margolis,* for defendant in No. 51411.

*O. Lee Molette,* for defendant in No. 51511.

Before: N. J. KAUFMAN, P.J., and J. H. GILLIS and CYNAR, JJ.

PER CURIAM. On March 3, 1980, defendant pled guilty in the same proceeding to the offense of armed robbery which occurred on June 13, 1979, and to the offense of breaking and entering an occupied dwelling with intent to commit larceny which occurred on January 7, 1980. The armed

robbery was scheduled for trial on March 3, 1980, however, no trial date had as yet been set for the breaking and entering charge. The trial court handled the plea-taking proceeding for both offenses simultaneously. Defendant was sentenced on March 12, 1980, to serve prison sentences of 18 months to 15 years in each case, to run concurrently. He appeals as of right, being represented by different appellate counsel for each conviction.

In his appeal of the armed robbery plea conviction defendant presents one issue, this being whether the trial court erred in not informing defendant that he might be charged as a habitual offender, that there was a mandatory minimum prison sentence for armed robbery and that he could not be placed on probation. The prosecutor filed a brief in the appeal from this conviction.

As to the breaking and entering plea conviction, defendant raises three issues. One issue alleges reversible error because the trial court did not advise defendant of a mandatory minimum sentence or that he could not be placed on probation for armed robbery. Second, the court erred in failing to place the sentence agreement on the record at the time of plea taking. Last, defendant was denied effective assistance of counsel by failure of counsel to move for an extension of time to allow defendant to plead to a reduced charge. The prosecutor did not file a brief in the appeal from this conviction.

### Armed Robbery, No. 51411

There was no showing that defendant has been charged as a habitual offender, therefore there was no reversible error. *People v Lendzian,* 80 Mich App 323; 263 NW2d 360 (1977).

There is no dispute that the trial court complied with the sentence agreement of 18 months minimum and 15 years maximum, to run concurrently with the sentence for the breaking and entering conviction.

GCR 1963, 785.7(1)(d) requires the trial court to advise the defendant of the mandatory minimum prison sentence, if any, for the offense. In *People v McKnight,* 72 Mich App 282; 249 NW2d 392 (1976), *lv den* 399 Mich 848 (1977), it was held that it is not necessary to advise a defendant of any minimum sentence before accepting a plea of guilty to an offense punishable by imprisonment for life or any term of years. In *People v Freeman,* 73 Mich App 568; 252 NW2d 518 (1977), this Court held that there is no mandatory minimum sentence for armed robbery. Additionally, the defendant argues that the trial judge committed reversible error by failing to inform him that armed robbery was not probationable. The Court in *Freeman* found that error was committed but it did not require reversal because the defendant knew that he was going to serve a prison sentence as a result of the sentence agreement.

In *People v Jones,* 410 Mich 407; 301 NW2d 822 (1981), defendant Jones pled guilty to two counts of armed robbery after being informed the court would not impose a sentence of more than 10 to 15 years. The trial judge did not tell the defendant that he could not be put on probation for armed robbery nor did the judge tell the defendant that the maximum possible sentence was life imprisonment. Defendants Grant, in the companion cases, had pled guilty to armed robbery. Following a sentence bargain, they were advised of neither the maximum sentence nor the mandatory minimum.

In reversing defendant Jones's conviction and affirming the Court of Appeals reversal of the Grants' convictions, the Supreme Court placed emphasis on the failure to tell the defendants that the maximum sentence for armed robbery is life imprisonment. We affirm the armed robbery conviction herein.

### Breaking and Entering, No. 51511

Based on the reasons stated in affirming the armed robbery conviction, we are not convinced the trial court erred by not advising the defendant of a mandatory minimum sentence or that he could not be placed on probation for armed robbery.

GCR 1963, 785.7(4) states:

"Additional Inquiries and Statements by the Court. Upon completing the colloquy with the defendant, the court shall,

\* \* \*

"(b) state whether the court has agreed upon the possibility of a plea or the possible sentence with the prosecutor or the defendant or anyone acting in the interests of either, and, if so, that to which the court has agreed."

The plea transcript is totally silent as to whether or not there had been a plea or sentence agreement. The transcript does indicate negotiations wherein the prosecutor · agreed to accept a plea of guilty to attempted breaking and entering of an occupied dwelling. However, February 28, 1980, was the final conference cutoff date for acceptance of that offer.

Prior to the sentence being pronounced, the

sentence transcript clearly indicates that at the time of the plea taking there was a sentence agreement to a minimum term of 18 months with a recommendation that the defendant be sent to the Michigan Training Unit. We do not consider error on this point to be of a nature requiring reversal.

As to the remaining issue, the record does not support defendant's argument of ineffective assistance of counsel.

Affirmed.


N. J. KAUFMAN, P.J. *(dissenting)*. I respectfully dissent. I would reverse defendant's convictions because of the trial court's failure to advise defendant that there was a mandatory minimum term of imprisonment for the offense of armed robbery. GCR 1963, 785.7(1)(d).

In *People v Jones,* 410 Mich 407; 301 NW2d 822 (1981), the Supreme Court in a per curiam opinion reiterated that "a failure to comply with Rule 785.7(1), subds (b) and (d) requires that the resulting plea-based conviction be set aside". *Id.,* 408. I realize that when the *Jones* opinion actually enunciated the errors of the trial courts it cited only the failure to warn that the maximum sentence for armed robbery is life imprisonment "or that possession of a firearm in the course of a felony carries a mandatory two-year term of imprisonment". *Id.,* 412. The Court made no mention of the failure to advise of the mandatory minimum for armed robbery.

However, I fail to see any valid difference between the error cited in *Jones* and the failure of the trial court in the case at bar to advise defendant of the mandatory minimum sentence for armed robbery. The only distinction is that the

mandatory sentence for a felony-firearm conviction is clearly stated in the statute while that for armed robbery is not. See MCL 750.529; MSA 28.797. Thus, the phrase "any term of years" has been subject to varying interpretations. See *People v Earl Jones,* 94 Mich App 232, 236-241; 288 NW2d 385 (1979) (CORKIN, J., *dissenting).* However, I still believe that it sets a mandatory minimum sentence. A defendant convicted of armed robbery may not be placed on probation. See also MCL 771.1; MSA 28.1131. While a trial judge may not be able to state with confidence precisely what that mandatory minimum is, a defendant should at least be informed, in the words of the statute, that he will be required to serve a minimum prison sentence of "any term of years".

I would reverse and remand for new trial.