PEOPLE v HEATH

Docket No. 57294. Submitted March 4, 1982, at Lansing.—Decided
April 8, 1982.

Charles L. Heath was convicted, on his plea of guilty, of bank
robbery and felony-firearm, Oakland Circuit Court, Frederick C.
Ziem, J. The defendant was told that his sentence for the
robbery would be served after the mandatory two-year sentence
for felony-firearm and was told that the maximum possible
sentence for the robbery was life imprisonment. Defendant
appealed, alleging that the trial court erred by not advising
him of the mandatory minimum prison sentence for the rob-
bery. *Held:*

An offense, such as bank robbery, which is punishable by
imprisonment for "life or any term of years" carries no manda-
tory minimum term for purposes of the court rule requiring a
defendant to be informed of any mandatory minimum prison
sentence for the crime to which he is pleading guilty. There-
fore, the trial court did not err by not informing the defendant
of any mandatory minimum term for the robbery.

Affirmed.

CRIMINAL LAW — SENTENCING — MANDATORY MINIMUM SENTENCE —
COURT RULES.

An offense which is punishable by imprisonment for "life or any
term of years" carries no mandatory minimum term for pur-
poses of the court rule requiring a sentencing court to inform a
defendant who pleads guilty of the mandatory minimum prison
sentence, if any, for the offense to which he is pleading guilty
(GCR 1963, 785.7[1][d]).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, *Robert C. Williams,* Chief
Appellate Counsel, and *Margaret G. Horenstein,*
Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 542.

*Miller & Kenny, P.C.,* for defendant on appeal.

Before: M. F. Cavanagh, P.J., and Allen and
E. C. Penzien,* JJ.

Per Curiam. Defendant pled guilty as charged
to bank robbery, MCL 750.531; MSA 28.799, and to
commission of a felony while in the possession of a
firearm, MCL 750.227b; MSA 28.424(2). On Janu-
ary 27, 1981, the Oakland County Circuit Court
sentenced him to a term of 2 years for the firearm
conviction and to a consecutive term of 1-1/2 to 20
years for the robbery conviction. Defendant ap-
peals by right, claiming that his plea should be
vacated because the court did not inform him of
any mandatory minimum term for the bank rob-
bery offense.

In the case at bar, the judge told the defendant
that he would go to prison for the bank robbery
conviction and said that any sentence for the
robbery offense would be served after defendant
completed serving the two-year sentence for the
felony-firearm conviction. Although defendant was
told the maximum possible sentence for bank rob-
bery was life imprisonment, he was not informed
of any mandatory minimum term for the offense.
Defendant now contends that this omission vio-
lated GCR 1963, 785.7(1)(d), which requires the
plea-taking court to advise the defendant of "the
mandatory minimum prison sentence, if any, for
the offense".

Bank robbery is a felony punishable by impris-
onment in the state prison for life or any term of
years. MCL 750.531; MSA 28.799. Different panels
of this Court have disagreed over whether an
offense punishable by life or any term of years

* Circuit judge, sitting on the Court of Appeals by assignment.

carries a mandatory minimum term. The weight of authority is that such an offense carries no mandatory minimum term, vis-à-vis GCR 1963, 785.7(1)(d). *People v Davidson,* 112 Mich App 34; 314 NW2d 791 (1981), *People v Earl Jones,* 94 Mich App 232, 235; 288 NW2d 385 (1979), *People v Landis,* 91 Mich App 345, 346; 283 NW2d 647 (1979), *People v Freeman,* 73 Mich App 568; 252 NW2d 518 (1977), *People v McKnight,* 72 Mich App 282; 249 NW2d 392 (1976).

In *People v Harper,* 83 Mich App 390; 269 NW2d 470 (1978), however, the majority held that any term of years in a state prison requires a minimum term of at least 366 days. In other decisions, this Court has held that a defendant should at at least be advised that the minimum term is "any term of years". *People v Taylor,* 112 Mich App 94; 315 NW2d 202 (1981). See also Judge Corkin's dissent in *Earl Jones, supra.*

We believe that the better rule is expressed in *People v McKnight,* and hold that no reversible error occurred when the court did not inform the defendant of any minimum sentence before accepting his guilty plea to bank robbery.

Affirmed.