## PEOPLE v WOODARD

Docket No. 67978. Submitted September 7, 1983, at Lansing.—Decided January 6, 1984.

L. C. Woodard pled guilty in Bay Circuit Court to a charge of attempted larceny in a building and to a supplemental information charging him with being an habitual offender. He was sentenced to five years probation with the first six months to be served in the Bay County Jail, William J. Caprathe, J. Defendant appeals. *Held:*

1. The trial court did not err in treating defendant's conviction of attempted larceny in a building as a felony for purposes of the habitual offender and length of probation provisions of the Code of Criminal Procedure.

2. The trial court erred in refusing to award defendant credit on his jail sentence for time already served while awaiting trial. However, because defendant has been discharged from probation in the State of Michigan to serve sentences in Alabama, remand for resentencing is not necessary.

Affirmed.

1. CRIMINAL LAW — SENTENCING — PROBATION — FELONY — MISDE-
   MEANOR.

   A crime carrying a two-year maximum sentence, even if such crime is statutorily designated as a misdemeanor for the purpose of the Penal Code, is statutorily treated as a felony for the purpose of the Code of Criminal Procedure; a term of probation imposed upon conviction of such crime is subject to the five-year limitation for felonies contained in the Code of Criminal Procedure (MCL 761.1[g], 771.2; MSA 28.843[g], 28.1132).

2. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED.

   A person convicted of any crime who has served time in jail prior to sentencing because he was unable to furnish bond for the offense of which he was convicted shall be specifically granted

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 28, 29, 567.
[2-4] 21 Am Jur 2d, Criminal Law § 548.
[3] 21 Am Jur 2d, Criminal Law § 618.

credit, by the sentencing court, for the time so served (MCL 769.11b; MSA 28.1083[2]).

3. CRIMINAL LAW — SENTENCING — JUDICIAL CONSTRUCTION — CREDIT FOR TIME SERVED.

A statute which provides that a defendant be given credit for jail time served while awaiting trial is to be liberally construed in accordance with its remedial purpose, which is to put an accused who cannot post bail because of his indigency on an equal status with his counterpart who can (MCL 769.11b; MSA 28.1083[2]).

4. CRIMINAL LAW — SENTENCING — LENIENCY IN SENTENCING — CREDIT FOR TIME SERVED — BOND — JUDICIAL CONSTRUCTION.

Leniency in sentencing does not satisfy the requirement that a defendant convicted of a crime in this state be given credit for any time served prior to sentencing because of being denied or unable to furnish bond; the statute regarding such credit for time served is remedial in nature and is to be liberally construed (MCL 769.11b; MSA 28.1083[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Stuart B. Lev),* for defendant.

Before: DANHOF, C.J., and M. J. KELLY and BEASLEY, JJ.

PER CURIAM. Defendant pled guilty as charged to attempted larceny in a building, MCL 750.92; MSA 28.287 and MCL 750.360; MSA 28.592, and to a supplemental information charging him with being an habitual offender, MCL 769.12; MSA 28.1084. He was sentenced to five years probation with the first six months to be served in the Bay County Jail. Defendant now appeals his conviction as of right, raising two issues.

Defendant first contends that the trial court

erred in treating his conviction of attempted larceny in a building as a felony for purposes of the habitual offender and length of probation provisions of the Code of Criminal Procedure. MCL 769.12; MSA 28.1084 and MCL 771.2; MSA 28.1132. Prior to submitting his plea, defendant moved to dismiss the supplemental information on the ground that the principal charge was for a misdemeanor offense and thus did not trigger the habitual offender statute. The trial court denied defendant's motion.

Defendant correctly argues that under the Michigan Penal Code, attempted larceny in a building is a misdemeanor offense punishable by a term in prison of not more than two years. MCL 750.92; MSA 28.287 and MCL 750.503; MSA 28.771. However, the Code of Criminal Procedure defines felony for purposes of that statute as "a violation of a penal law of this state for which the offender, upon conviction, may be punished by death or by imprisonment for more than one year". MCL 761.1(g); MSA 28.843(g). The majority view of this Court is that a two-year misdemeanor under the penal code will be construed as a felony for purposes of the Code of Criminal Procedure. See *People v Reuther,* 107 Mich App 349; 309 NW2d 256 (1981) (but see Judge BRONSON's partial concurrence and partial dissent); *People v Stiles,* 99 Mich App 116; 297 NW2d 631 (1980), *lv den* 410 Mich 891 (1981); *People v Rosecrants,* 88 Mich App 667; 278 NW2d 713 (1979); *People v Bernard Smith,* 81 Mich App 561; 266 NW2d 40 (1978), *rev'd on other grounds* 406 Mich 926; 277 NW2d 506 (1979). For a contrary view see *People v Alford,* 104 Mich App 255; 304 NW2d 541 (1981). We follow the majority view and hold that the trial court did not err in applying the habitual offender and length of pro-

bation provisions of the Code of Criminal Procedure.

Defendant next contends that the trial court erred in refusing to award defendant credit on his jail sentence for time already served while awaiting trial. We agree. MCL 769.11b; MSA 28.1083(2) provides:

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing." See also GCR 1963, 785.8(3).

This Court has construed the statute to be mandatory in nature. *People v Lyles,* 76 Mich App 688, 690; 257 NW2d 220 (1977); *People v Donker,* 70 Mich App 692, 694; 247 NW2d 330 (1976); *People v Peterson,* 62 Mich App 258, 260-261; 233 NW2d 250 (1975), *lv den* 397 Mich 811 (1976). Such a construction is necessitated by the general purpose of the statute which is to put the indigent defendant who cannot post bail on an equal status with the defendant who can. *People v Davis,* 87 Mich App 72, 73; 273 NW2d 591 (1978); *People v Cantu,* 117 Mich App 399, 402; 323 NW2d 719 (1982). The fact that the trial court may have granted a lenient sentence in light of the time already served does not satisfy the credit requirement. *People v Lyles, supra; People v Chattaway,* 18 Mich App 538, 541; 171 NW2d 801 (1969). However, because defendant has been discharged from probation in the State of Michigan to serve sentences in Alabama, we do not remand for resentencing.

Affirmed.