PEOPLE v CIESLINSKI

Docket No. 73651. Submitted August 14, 1984, at Detroit.—Decided
     October 5, 1984.

Neal J. Cieslinski was convicted on his plea of guilty of breaking
     into a safe and of breaking and entering, Bay Circuit Court,
     William J. Caprathe, J. Defendant was sentenced to five years'
     probation with the first year to be spent in the county jail and
     with no credit for time served. Defendant appealed, alleging
     that he was entitled to credit against his jail sentence. *Held:*

The statute allowing for credit for time served prior to
     sentencing is mandatory. The trial court did not acquire discre-
     tion to deny the credit by granting what it considered to be a
     lenient sentence.

Remanded for correction of sentence.

CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED.

The statute allowing a defendant credit for time served prior to
     sentencing because of being denied or unable to furnish bond is
     mandatory; the granting of a lenient sentence does not give the
     trial court the discretion to deny the credit (MCL 769.11b; MSA
     28.1083[2]).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *George B. Mullison,*
Prosecuting Attorney, and *Thomas J. Rasdale,*
Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Sheila N. Robert-
son),* for defendant on appeal.

Before: T. M. BURNS, P.J., and M. J. KELLY and
N. J. KAUFMAN,* JJ.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 548.
Right to credit for time spent in custody prior to trial or sentence.
     77 ALR3d 182.
     * Retired Court of Appeals judge, sitting on the Court of Appeals by
assignment.

Per Curiam. Defendant pled guilty to breaking into a safe, MCL 750.531; MSA 28.799, and breaking and entering, MCL 750.110; MSA 28.305. Defendant was sentenced to five years' probation with the first year to be served in the county jail. Defense counsel asked about credit for time served, and the court stated that there would be no credit and that he was "taking that into consideration in placing him on probation".

On appeal, defendant argues that he is entitled to credit for time served. The trial judge indicated that one year in jail, along with probation, was too lenient a sentence for defendant unless defendant was not given credit for time served. The statute allowing for credit for time served is mandatory. *People v Woodard*, 134 Mich App 128, 131; 350 NW2d 761 (1984). The fact that the trial court may have granted a "lenient" sentence in consideration of the time already served does not give the trial court the discretion to deny the credit. *Id.* Defendant is, therefore, entitled to credit for time served. We note that the record does not indicate the number of days to be credited to defendant's sentence. We therefore remand to the trial court to correct the sentence, allowing credit for time previously served.

Remanded.