Judge Geaham
delivered the opinion, of the Court.
The defendant who was statutory guardian of SuIh lett, was, by order of the County Court, summoned to appear before them to show cause why he had not returned an inventory of the estate of his ward, as required by Jaw, Pie made his report at the November term, and then the Court dismissed further proceedings at defendant’s costs, including an attorney’s fee. At the ensuing January term, the Court, on defendant’s motion, quashed the execution which had been issued against him for the costs, and directed that the attorney's fee of two dollars and fifty cents be excluded from the taxation of costs.
The propriety of making and rescinding the order or judgment, and particularly of taxing as costs an attorney’s fee in the case, is now to be determined. The order or judgment, made at the November term, was a final order; nothing was left open for the future action of the Court, and no power was reserved to change or modify the judgment, If an execution had been issued, not authorized by the judgment, the Court could, at a subsequent term, have quashed the execution, or1 quashed the taxation of costs if it had been improperly made up by the Clerk, but they had no authority td correct their own final judgment, after the close of the term at which it was made. If the order of January was now only before this Court, the judgment would have to be reversed, but as the defendant has assigned cross-errors, and thereby brought before this Court for revision the judgment at November term, if this was not authorized by law, then the last and rescinding or-? *305 sler was not to the prejudice of the plaintiff. We are, therefore, to investigate the propriety of the judgment at the November term. “If a guardian fails to deliver an inventory of his ward’s estate, he shall by order of the Court to which he is amenable, be summoned,and if he remain in default, be compelled to perform his duty or be displaced. The summons' to be issued by the Clerk and executed by the Sheriff:” (1 Statute Law, 769.)
The Cleric’s and Sheriff’s fees incurred in proceedings against guardians directed by the statute U Stat. Law, 769) are not a part of their ex-officio services, but chargable to the guardian if found delinquent.
The County attorney has no right to any tax tee in such oases, he is paid by a tax levied upon the county for his services: (1 Stat. Law, 169) He has a right to fees in certain cases: (2 Slat. Law 1382.)
Although this proceeding is in the name of the Commonwealth, yet itis instituted fonthe benefit of the ward, whose interest it is the duty of the Court to protect. We are'of the opinion that the Clerk’s and Sheriff’s fees, in such cases, are not embraced in the public services for which each of these Officers is to be allowed a sum not exceeding forty dollars per annum: (1 Statute Law, 689, 691.) The section (691) allows to the Sheriff this sum for all public services, to-wit: “attending Court of Claims, serving all public orders of Court except against guardians, where they shall stand out in contempt, to be charged to such guardians,” &c. Contempt is a disobedience of the rules and orders of Court, and is punishable as an offence against the public.
If, in case of contempt, the Sheriff’s fees are to be taxed against the guardian, we think they should be when the proceedings are had against him, not for a public offence, but for a dereliction of duty to his ward. The Clerk and Sheriff performed services by direction of the Court, whose orders were made in obedience to the law. It was not erroneous to require the defendant to pay, as costs, the amount of their fees.
The county attorney does not occupy the same attitude. “For his services he shall receive such compensation as the Court shall deem reasonable, which is to be included in their county levy, and paid'over to him when collected:” (1 Statute Law, 169.) By subsequent acts of the Legislature, fees are allowed him in certain cases, not, however, embracing such a case as this: (2 Statute Law, 1382.) But if the failure of the guardian to return an inventory of his ward’s estate, *306 could be held to be a public offence, the act of 1816, (1 Statute Law, 541,) forbids the taxation of a fee to the attorney. It seems to us that in the order made at November term, directing an attorney’s fee to be included in the taxation of costs, the Court erred, and so much of it as so directs is reversed on the cross-errors assigned by Shanks, and the cause remanded with directions to that Court to correct their order as herein indicated. The order of January, though erroneous, was not prejudicial to the plaintiff in error.
A party cannot complain of an error by which he is not prejudiced.
J. Harlan, Attorney General for Commonwealth; Fox for Shanks.