### THE PEOPLE v. JACOB BURRIDGE.

*Criminal law—Term of imprisonment.*

1. The words "any term of years," as used in How. Stat. § 9124, which provides that every person who shall willfully and maliciously burn in the day-time the dwelling-house of another shall be punished by imprisonment in the State prison for life or *for any term of years*, must be construed for a period of time not less than two years; citing *Ex parte Seymour*, 14 Pick. 43; *Ex parte Dick*, Id. 86; *Ex parte White*, Id. 93.

2. The imposition under said statute of a sentence of imprison-
.ment in the State prison for nine months cannot be assigned
as error, it being an irregularity beneficial to the respondent.

Error to Berrien. (O'Hara, J.) Argued February 2,
1894. Decided March 20, 1894.

Respondent was convicted of burning the dwelling-house
of another in the day-time, and sentenced to imprison-
ment in the State prison for nine months. Judgment
affirmed. The facts are stated in the opinion.

*George W. Bridgman* and *Lawrence C. Fyfe,* for re-
spondent.

*A. A. Ellis,* Attorney General, and *N. A. Hamilton,*
Prosecuting Attorney, for the people.

LONG, J. Respondent was informed against under
How. Stat. § 9124, for burning the dwelling-house of one
William Duvall in the day-time. · Duvall lived by himself
in a house situated on land owned by respondent. Just
what the arrangement was by which Duvall claimed to
have the right to occupy it does not appear, but it does
appear that the respondent was unable to sell the land
so long as Duvall remained there. Some two years before
the fire, as was testified on the trial by one of the people's
witnesses, respondent stated that he wanted to get Duvall
off, so he could sell, and that if he did not get off he
would burn him off. The fire occurred in the day-time,
about noon. Respondent was seen going towards the
house with a can partly filled with kerosene oil, and
coming back from there with the can empty. A few
minutes after, flames were seen. No one was in the house
at the time. The contention is:

1. That there was no evidence to go to the jury which
would authorize a conviction.

We think there was some evidence from which the jury might properly find the respondent guilty of the crime charged.

2. That the sentence imposed was not authorized by law.

The respondent was sentenced to State prison at Jackson for the period of nine months, under section 9124, which provides that the offender "shall be punished by imprisonment in the State prison for life or for any term of years." Counsel claim that imprisonment for nine months is not for "any term of years," and that, therefore, the sentence is void, and the respondent must be discharged.

It was said in *Re Lamphere,* 61 Mich. 108, that—

"There is no crime whatever punishable by our laws except by virtue of a statutory provision. The punishment of all undefined offenses is fixed within named limits, and beyond the unregulated discretion of the courts."

The Legislature has fixed the maximum and minimum punishment. The maximum is for life, and the minimum for a term not less than two years, as "any term of years" must be construed for a time not less than two years. The supreme court of Massachusetts, in *Ex parte Seymour,* 14 Pick. 43, in construing a similar statute, say:

"We think the natural and legal, as well as the literal and grammatical, construction of the words 'any term of years,' must be a period of time not less than two years."

This construction was again given to these words in *Ex parte Dick,* 14 Pick. 86, and *Ex parte White,* Id. 93.

It was said in *Elliott v. People,* 13 Mich. 365, that where the sentence imposed by the court upon a prisoner is an excess of authority, and therefore unlawful, this Court cannot substitute for such sentence a lawful one; and if there is no error, except in the judgment, there can be no new trial, nor can the court below give a second judgment;

hence; the prisoner must be discharged. In *O'Neil v. People*, 15 Mich. 275, the same rule was stated, and the prisoner was discharged. Since these cases were decided, the Legislature, by Act No. 170, Laws 1867 (How. Stat. § 9614), has provided that the sentence shall be void only for the excess.

But the error here complained of is in respondent's favor. The statute under which the sentence was passed authorizes imprisonment in the State prison at Jackson. This is the place where he is to be confined, according to the sentence passed; and the only error is in making the term of imprisonment shorter, by 15 months, than the minimum fixed by the statute. Under the decisions of the English courts and some of our sister states, it is held that this is not only an erroneous sentence, but that the respondent may take advantage of the error, and be discharged altogether from custody. *Whitehead v. Reg.*, 7 Q. B. 582; *Rex v. Bourne*, 7 Adol. & E. 58; *Rice v. Com.*, 12 Metc. 246; *Taff v. State*, 39 Conn. 82.

But in other of the states it is held that error such as this, in respondent's favor, cannot be taken advantage of by writ of error.

In *Wattingham v. State*, 5 Sneed, 64, the respondent was convicted of larceny, and sentenced to two years' imprisonment. The minimum fixed by the statute was three years. The court held that the rule that a party cannot assign for error that which is for his own advantage applies as well to criminal cases as to civil proceedings; that the error was formal, merely, and could not avail the prisoner.

In *People v. Bauer*, 37 Hun, 407, the respondent was sentenced to imprisonment for three months, and the minimum of the statute was one year. It was held that the sentence was irregular, but that the respondent could not assign it as error, as it was beneficial to him.

In *Hoskins v. State*, 27 Ind. 470, defendant moved for his discharge on the ground that the sentence was less than that fixed by the statute, and it was held that he was not entitled to a discharge. See, also, *Barada v. State*, 13 Mo. 94; *Ooton v. State*, 5 Ala. 463; *Com. v. Shanks*, 10 B. Mon. 304; *Jones v. State*, 13 Ala. 153; *Campbell v. State*, 16 Id. 144.

All courts concede that, where the error is prejudicial to the respondent in a criminal case, it will be corrected on error; but where the error is in favor of the respondent, as when a sentence is for a shorter period of time than the statute imposes, we think the more reasonable rule to be that the respondent shall not be permitted to take advantage of the irregularity on error.

Judgment affirmed.

The other Justices concurred.