PEOPLE v EARL JONES

Docket No. 44306. Submitted June 18, 1979, at Lansing.—Decided
December 6, 1979. Leave to appeal applied for.

Earl Jones pled guilty to a charge of second-degree murder in
exchange for the prosecutor's agreement to dismiss charges of
first-degree murder, assault with intent to murder and felony
firearm, Saginaw Circuit Court, Fred J. Borchard, J. In the plea
proceeding the trial court advised defendant of the maximum
sentence but failed to advise him of any mandatory minimum
sentence for second-degree murder and that second-degree mur-
der is a nonprobationable offense. Defendant appeals. On ap-
peal defendant claims the court's failure to properly advise him
on the minimum sentence and his ineligibility for probation is
reversible error. *Held:*

1. Second-degree murder carries no mandatory minimum
sentence; therefore, a court at a guilty plea proceeding is not
required to advise a defendant of a mandatory minimum prison
sentence.

2. A court rule requires a court to tell a defendant that if he
pleads guilty to murder, armed robbery or treason, he cannot
be placed on probation. Noncompliance with this rule does not
necessarily require reversal, especially where a defendant was
informed that the maximum sentence was life and he stated
that he understood the maximum penalty, he was a previous
felony offender and was familiar with the criminal justice
system, he was in violation of his parole and was aware of the
consequences therefor, and the crime was a grievous one and
he had no expectation of being placed on parole.

Affirmed.

L. W. CORKIN, J., dissented. He would hold that, except where
a defendant knew prior to his plea that he would be sentenced
to prison or had stated on the record that he understood the
possible punishment for the crime, failure to follow the court

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 21 Am Jur 2d, Criminal Law §§ 487, 489.

Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof. 97
ALR2d 549.

rule which requires the court to inform a defendant that he cannot be placed on probation if he pleads guilty to murder, armed robbery or treason, constitutes reversible error.

Opinion of the Court

1. Homicide — Plea of Guilty — Minimum Sentence — Statutes — Court Rules.

There is no mandatory minimum sentence for second-degree murder; therefore, a court at a guilty plea proceeding need not advise a defendant of a mandatory minimum prison sentence for second-degree murder (MCL 750.317; MSA 28.549; GCR 1963, 785.7[1][d]).

2. Criminal Law — Plea of Guilty — Acceptance of Plea — Sentence — Probation — Appeal and Error — Court Rules.

A court rule requires the court, speaking directly to the defendant at a plea proceeding, to tell him that if he pleads guilty to murder, armed robbery or treason, he cannot be placed on probation; however, noncompliance with this rule does not necessarily require reversal; the court rule does not mandate reversal where the defendant was informed that the maximum sentence was life and stated that he understood the maximum penalty, he was a previous felony offender and was familiar with the criminal justice system, he was in violation of his parole and was aware of the consequences therefor, and the crime was a grievous one and he had no expectation of being placed on probation (GCR 1963, 785.7[1][f]).

Dissent by L. W. Corkin, J.

3. Criminal Law — Plea of Guilty — Acceptance of Plea — Sentence — Probation — Appeal and Error — Court Rules.

*A court rule requires the court to inform a defendant that he cannot be placed on probation if he pleads guilty to murder, armed robbery or treason; where a defendant knew prior to his plea that he would be sentenced to prison or where a defendant stated on the record that he understood the possible punishment for the crime there could be noncompliance, but other than these limited exceptions, failure to follow the court rule constitutes reversible error (GCR 1963, 785.7[1][f]).*

4. Criminal Law — Plea of Guilty — Acceptance of Plea — Sentence — Minimum Sentence — Court Rules.

*The court rule which requires a court at a plea proceeding to inform a defendant of the mandatory minimum prison sentence, if any, for an offense, is satisfied where the court informs*

*the defendant that his punishment is for life or for any term of years; it is not necessary for the court to name some period as a mandatory minimum sentence, but to advise a defendant that the maximum penalty is life, without more, is insufficient compliance with the rule (GCR 1963, 785.7[1][d]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Linda Berns Wright,* Appellate Prosecuting Attorney, for the people.

*John A. Lydick,* Assistant State Appellate Defender, for defendant on appeal.

Before: CYNAR, P.J., and MacKENZIE and L. W. CORKIN,* JJ.

CYNAR, P.J. On October 23, 1978, in Saginaw County Circuit Court, defendant pled guilty to a charge of second-degree murder, MCL 750.317; MSA 28.549. Defendant pled guilty in exchange for the prosecutor's agreement to dismiss the original charges of first-degree murder, MCL 750.316; MSA 28.548, assault with intent to murder, MCL 750.83; MSA 28.278, and felony firearm, MCL 750.227b; MSA 28.424(2). When the offense to which defendant pled was committed he was on parole from a sentence to prison for armed robbery.

In the plea proceeding the trial court advised defendant of the maximum sentence but failed to advise him of any mandatory minimum sentence for second-degree murder. Also the trial court failed to advise the defendant that second-degree murder is a nonprobationable offense.

Defendant was sentenced on January 19, 1979, to life imprisonment. He has filed a timely appeal

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

as of right citing as reversible error the court's failure to properly advise in the plea-taking process as set forth in the preceding paragraph. We disagree, as we conclude that neither error necessitates reversal.

With regard to defendant's first assignment of error, other panels have found that a criminal statute which carries a punishment of imprisonment "for life or any term of years" has no mandatory minimum sentence vis-à-vis the dictates of GCR 1963, 785.7. *People v Freeman,* 73 Mich App 568; 252 NW2d 518 (1977), *People v McKnight,* 72 Mich App 282; 249 NW2d 392 (1976), *People v Landis,* 91 Mich App 345; 283 NW2d 647 (1979), *cf., Guilty Plea Cases,* 395 Mich 96, 118; 235 NW2d 132 (1975). Those cases, although speaking to the armed robbery statute, are equally persuasive here, as the punishment provision in MCL 750.317 is identical. Thus, since the offense of second-degree murder carries no mandatory minimum sentence, it cannot be error to fail to advise a defendant of a negative.

Nor do we find the failure to inform defendant that second-degree murder is a nonprobationable offense reversible error. Under a prior version of GCR 1963, 785.7, a trial court was not required to tell a defendant that if his plea is to murder, he cannot be placed on probation. Under that rule, the failure to so inform a defendant was not reversible error. *Guilty Plea Cases, supra,* 118. However, the day that *Guilty Plea Cases* was decided, the Supreme Court promulgated an amendment to GCR 785.7, which in newly added subpart (1)(f) required a trial court to advise a defendant regarding nonprobationable offenses. This the trial court failed to do in the instant case.

However, noncompliance with GCR 785.7 does

not necessarily require reversal. *Guilty Plea Cases, supra,* 113. In *People v Lendzian,* 80 Mich App 323; 263 NW2d 360 (1977), this Court declined to reverse a plea-based conviction for armed robbery, even where the defendant was not told that he could not be placed on probation. The Court noted that defendant was read the armed robbery statute, including the punishment provision, *i.e.,* life or any term of years, and acknowledged that he understood the possible punishment for armed robbery. *People v Lendzian, supra,* 325.

Similarly, in this case defendant was informed that the maximum sentence was life, and stated that he understood the maximum penalty. As a previous felony offender, defendant was also familiar with the criminal justice system. Further, he was also in violation of the terms of his parole and was apprised of the possible consequences therefor. Finally, the crime with which defendant was charged was a grievous one. Defendant had no expectation of being placed on probation. We find that, on these facts, the noncompliance with GCR 1963, 785.7(1)(f) does not mandate reversal.

As no error requiring reversal has been established, we hereby affirm.

Affirmed.

MacKenzie, J., concurred.

L. W. Corkin, J. *(dissenting).* I respectfully dissent.

At the time the plea in this case was taken GCR 1963, 785.7(1)(f) required that when the plea was to murder, armed robbery or treason, the trial court inform the defendant that he could not be placed on probation. In *People v Freeman,* 73 Mich App 568; 252 NW2d 518 (1977), it was recognized that a failure to so advise could amount to reversi-

ble error although there was no reversal in the case because as the result of a sentence agreement defendant knew, prior to his plea, that he would be sentenced to prison if he pleaded guilty. I am aware of *People v Lendzian,* 80 Mich App 323; 263 NW2d 360 (1977), where there was no reversal when defendant was not informed of his ineligibility for probation. However, in *Lendzian* the trial court did inform the defendant that armed robbery was "punishable by imprisonment in the state prison for life or for any term of years" and defendant stated on the record that he understood the possible punishment for armed robbery. The court was of the opinion that defendant's understanding of possible punishment was sufficient to satisfy the requirement of GCR 1963, 785.7(1)(f).

In this case the trial court only advised defendant that "the maximum penalty is life" and said nothing about "any term of years".

This case is distinguishable from both *Freeman* and *Lendzian* and the plea-based conviction should be vacated. Although, considering the crime pled to, as well as defendant's criminal record, he probably had no expectation of being placed on probation.

Defendant's second claim of error is based on GCR 1963, 785.7(1)(d) which requires that the plea-taking court advise the defendant of the "mandatory minimum prison sentence, if any, for the offense". When this language has been applied to a sentence for second-degree murder, armed robbery or treason, and where the term of confinement may be "imprisonment for life or any term of years", confusion has resulted.

One might think that when the rule speaks of a mandatory minimum sentence it means a mandatory minimum sentence definitely stated as to

length of time in the sentencing statute *(i.e.,* 20 years for possession of 225 grams or more, but less than 650 grams) MCL 333.7403; MSA 14.15(7403). This was apparently the interpretation arrived at by a majority of the Court in *People v Freeman,* 73 Mich App 568; 252 NW2d 518 (1977), with one judge giving no opinion on the issue. The opinion simply stated that there was no mandatory minimum sentence for armed robbery, citing the armed robbery statute. MCL 750.529; MSA 28.797.

However, the *Freeman* Court made no mention of *People v Burridge,* 99 Mich 343, 345; 58 NW 319 (1894), where the Court stated that "any term of years" must be construed for a time not less than two years. It was apparently the fate of *Burridge* to be overlooked from time to time.

Apparently, it was overlooked by the Supreme Court in *Guilty Plea Cases,* 395 Mich 96, 118; 235 NW2d 132 (1975), where the Court said in reference to GCR 1963, 785.7(1)(b):

"In *Hord,* the judge informed the defendant that by pleading guilty to robbery armed he subjected himself to a possible sentence of 'up to life' but did not advise him that he could not be placed on probation. A person convicted of armed robbery is subject to a sentence of life or any term of years (MCLA 750.529; MSA 28.797), and may not be placed on probation (MCLA 771.1; MSA 28.1131).

"The rule does not require the judge to inform the defendant of all sentence consequences—only the maximum sentence, *any mandatory minimum* and, as appears below, if he is on probation or parole, the possible effect on his status as a probationer or parolee.

"The rule reflects the extent to which this Court is willing to impose on the judge the obligation of informing the defendant of such consequences. A failure to impart the information so required by this subsection (b) will continue to require reversal." (Emphasis added.)

There was no reversal of *Hord, supra,* nor was there any mention of *Burridge, supra,* or that the words "any term of years" created a mandatory minimum sentence of any period.

In *People v McKnight,* 72 Mich App 282; 249 NW2d 392 (1976), in a per curiam opinion, this Court found no error in the trial court's advising defendant that the minimum sentence for his plea to armed robbery would be one year in prison. The Court made reference to *People v Burridge, supra,* by stating in the opinion that the Supreme Court in its ruling in *Hord, supra,* rejected *Burridge, supra.* The Court also said, referring to the ruling in *Hord* in the *Guilty Plea Cases, supra:*

"In this case the Court expressly stated that failure to advise a defendant of any mandatory minimum sentence was reversible error. *Hord* was not advised that the offense of armed robbery carried any mandatory minimum sentence. Nevertheless, his plea-based conviction was affirmed. We must infer from this that there was no necessity to advise a defendant of any minimum sentence before accepting a plea of guilty to an offense punishable by imprisonment for life or 'any term of years.'" *People v McKnight, supra,* 283-284.

However, the question was not resolved.

In *People v Harper,* 83 Mich App 390; 269 NW2d 470 (1978), the Court seemingly returned to interpreting "any number of years" as establishing a mandatory minimum sentence of some duration. Recognizing that the *Burridge* case had been discredited by the *Guilty Plea Cases, supra,* and *People v McKnight, supra,* the Court concluded that the phrase did not mean a minimum of two years but asserted that it must mean some minimum period and then set about determining such

period by the statutory construction.[1]

In *Harper,* the trial court had informed the defendant that as far as armed robbery was concerned it was mandatory that the court sentence him to some term of years. The appellate court, at the conclusion of the statutory construction portion of its opinion concluded its ruling on the issue by saying:

"Our analysis does not require reversal here. First of all defense counsel had no objection and was satisfied with the court's compliance with GCR 1963, 785.7 in this regard. *Secondly, under prior case law advice to the defendant that he was required to be imprisoned for a minimum of a term of years was sufficient.* Neither do we say that in the future since 'any term of years' mandates a minimum sentence of a year and a day that fact must be communicated to the defendant in those words under pain of reversal. We suggest only that a more exact way of stating the rule appears to be: A defendant who must be sentenced to 'any term of years' may not be sentenced to less than a minimum of a year and a day (366 days) to a (minimum) maximum of 18 months and 1-1/2 days (549 days)." (Emphasis added.) *People v Harper, supra,* 398-399.

I conclude that the holding in *Harper, supra,* is that as long as the trial court informs the accused that the punishment is imprisonment "for life or for any term of years" it is sufficient. However, the suggestion is made that further amplification could be made by spelling out a specific minimum sentence of some length, possibly one year and a day. I further conclude, as the law now stands, that as long as the trial court informs the accused that the possible sentence for second-degree murder,

---

[1] I make no comment concerning the Court's reasoning in construing the statute which led to the conclusion that the phrase means that the minimum sentence would be a year and a day (366 days) to a minimum-maximum of 18 months and 1-1/2 days (549 days).

armed robbery or treason, is imprisonment for life or for any term of years, it is not necessary that the court name some period of time as a mandatory minimum sentence, particularly in view of the fact that there is no definitive statement as to what such mandatory minimum period should be.

In this case the trial court only advised the defendant that the maximum penalty was life. This is not sufficient compliance with GCR 1963, 785.7(1)(d) under any interpretation reversal is required.

A final observation may be in order. Had we held that the trial court should have advised defendant of a mandatory minimum sentence then, presumably, there would be no point in advising him that he would be eligible for probation and a failure to do so would be harmless error.

Defendant's plea conviction should be vacated and the case should be remanded for trial.