PEOPLE v EBERLY

Docket No. 50605. Submitted September 14, 1981, at Grand Rapids.—
Decided October 19, 1981. Leave to appeal applied for.

Michael D. Eberly pled guilty in Kent Circuit Court to a charge
of armed robbery and was sentenced, George V. Boucher, J. He
appeals, contending that armed robbery carries a mandatory
minimum term and that the trial court violated the court rules
by not informing him of the mandatory minimum sentence
before he pled guilty. *Held:*

There is no mandatory minimum sentence for armed robbery
and, since the trial court informed him of the maximum
possible term prior to his plea, defendant was adequately
informed of the sentencing consequences of his plea.

Affirmed.

1. ROBBERY — ARMED ROBBERY — SENTENCING — STATUTES.

Armed robbery is punishable by imprisonment for life or any
term of years (MCL 750.529; MSA 28.797).

2. ROBBERY — ARMED ROBBERY — GUILTY PLEAS — SENTENCING —
STATUTES — COURT RULES.

There is no mandatory minimum sentence for armed robbery;
therefore, a court, prior to accepting a guilty plea, need not
advise a defendant of a minimum prison sentence for armed
robbery (MCL 750.529; MSA 28.797, GCR 1963, 785.7[1][d]).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *David H. Sawyer,*
Prosecuting Attorney, and *Carol S. Irons,* Chief
Appellate Attorney, for the people.

*George S. Buth,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 67 Am Jur 2d, Robbery § 78.

[2] 21 Am Jur 2d, Criminal Law § 473.

Court's duty to advise or admonish as to consequences of plea of
guilty, or to determine that he is advised thereof. 97 ALR2d 549.

Before: R. B. BURNS, P.J., and T. M. BURNS and ALLEN, JJ.

PER CURIAM. Defendant pleaded guilty to armed robbery, MCL 750.529; MSA 28.797, was sentenced to 5 to 15 years in prison, and appeals by right. He raises a single issue; whether armed robbery carries a mandatory minimum term so that failure to inform a defendant of that term at a guilty plea proceeding violates GCR 1963, 785.7(1)(d).

By statute, armed robbery is punishable by imprisonment for life or any term of years. The weight of authority in this Court is that this offense carries no mandatory minimum sentence. *People v Landis,* 91 Mich App 345; 283 NW2d 647 (1979), *People v Freeman,* 73 Mich App 568; 252 NW2d 518 (1977), and *People v McKnight,* 72 Mich App 282; 249 NW2d 392 (1976). We observe, however, that at least two members of this Court would hold that "life or any term of years" requires that a defendant serve some mandatory minimum sentence. *People v Harper,* 83 Mich App 390; 269 NW2d 470 (1978), *lv den* 406 Mich 1021 (1979).

We believe that the defendant's interpretation of the words "any term of years" was implicitly rejected in *People v Jones,* 410 Mich 407; 301 NW2d 822 (1981), in which the Supreme Court reversed pleas to armed robbery when the defendants were not informed of the maximum terms. The Court did not, however, discuss the failure to advise the defendants of any minimum term.

In this case, the defendant was informed of the maximum term. As we hold that there is no minimum term for armed robbery, the defendant was adequately informed of the sentencing consequences of his plea.

Affirmed.