PEOPLE v LUKE

Docket No. 57581. Submitted October 12, 1981, at Detroit.—Decided
April 8, 1982. Leave to appeal applied for.

Rodney M. Luke pled guilty in Detroit Recorder's Court to a
charge of armed robbery. He was sentenced to a prison term of
from six months to four years, Justin C. Ravitz, J. The people
appeal by leave granted, contending the armed robbery statute
requires a minimum sentence of at least a year and a day.
*Held:*

The statute specifies that armed robbery is a felony punish-
able by imprisonment in the state prison "for life or for any
term of years". The language "any term of years" does not
establish a mandatory minimum sentence.

Affirmed.

BRONSON, J., dissented for reasons stated in a concurring
opinion in an earlier case. It would appear that the Legislature
intended the phrase "life or any term of years" in a penal
statute to impose a mandatory minimum term of imprisonment
for one year and that, with respect to armed robbery, there
must be some mandatory minimum period of detention since
armed robbery is a nonprobationable offense. He would find
defendant's sentence invalid and modify it to provide for a term
of imprisonment for a year and a day.

OPINION OF THE COURT

1. ROBBERY — ARMED ROBBERY — MINIMUM SENTENCES.

The phrase "life or any term of years" as used in the armed
robbery statute does not establish a mandatory minimum sen-
tence upon conviction (MCL 750.529; MSA 28.797).

DISSENT BY BRONSON, J.

2. ROBBERY — ARMED ROBBERY — MINIMUM SENTENCES.

*The phrase "life or any term of years" as used in the armed*
*robbery statute establishes a mandatory minimum sentence of*

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 67 Am Jur 2d, Robbery § 76.

*one year and one day upon conviction (MCL 750.529; MSA 28.797).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

*Irving Tukel,* for defendant on appeal.

Before: MacKenzie, P.J., and Bronson and Beasley, JJ.

Per Curiam. Defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797. The statute defining armed robbery specifies that the crime is a felony punishable by imprisonment in the state prison "for life or for any term of years". Defendant was sentenced to imprisonment for a term of six months to four years. The people appeal by leave granted and argue that the statutory language "any term of years" requires a minimum sentence of at least a year and a day.

The weight of authority in this Court indicates that the language "any term of years" does not establish a mandatory minimum sentence. See *People v McKnight,* 72 Mich App 282; 249 NW2d 392 (1976), *lv den* 399 Mich 848 (1977), *People v Freeman,* 73 Mich App 568; 252 NW2d 518 (1977), *People v Landis,* 91 Mich App 345; 283 NW2d 647 (1979), *People v Earl Jones,* 94 Mich App 232; 288 NW2d 385 (1979), *lv den* 409 Mich 854 (1980), and *People v Eberly,* 110 Mich App 349; 313 NW2d 123 (1981). We adhere to this view, although we note that some authority exists for construing the language to establish a minimum sentence of a year or a year and a day. See the dissent of Judge

CORKIN in *Jones, supra,* 236, the opinion of Judge KELLY in *People v Harper,* 83 Mich App 390; 269 NW2d 470 (1978), *lv den* 406 Mich 1021 (1979), and the opinion of Judge BRONSON in *People v West,* 113 Mich App 1; 317 NW2d 261 (1982).

Our belief that the language "any term of years" establishes no mandatory minimum sentence is reinforced by a recent decision of our Supreme Court. In *People v Urynowicz,* 412 Mich 137, 144; 312 NW2d 625 (1981), defendant pled guilty to first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). On appeal, defendant argued for reversal because the circuit judge did not inform him of the mandatory minimum five-year sentence required by MCL 750.520f; MSA 28.788(6) for second or subsequent offenders. The Court said:

> "This defendant was not charged under § 520f. Consequently, there was no mandatory minimum of which advice under GCR 1963, 785.7(1)(d) was required."

The penalty for first-degree criminal sexual conduct is imprisonment "for life or for any term of years", MCL 750.520b(2); MSA 28.788(2)(2).

Affirmed.

BRONSON, J. *(dissenting).* I respectfully dissent for the reasons set forth in my concurring opinion in *People v West,* 113 Mich App 1; 317 NW2d 261 (1982). The majority is correct in their assertion that the weight of authority is to the effect that the phrase "life or any term of years" establishes no mandatory minimum sentence. However, it is my opinion that the weight of authority is long on arbitrary conclusions and short on legal analysis. Unlike most of the decisions reaching the result that the phrase "life or any term of years" really

means nothing, the majority here does make a reasoned argument based upon *People v Urynowicz,* 412 Mich 137; 312 NW2d 625 (1981). I sat on the panel of this Court which was reversed by the Supreme Court in *Urynowicz.* In this Court, Urynowicz did not assert that the "for life or for any term of years" language imported a mandatory minimum sentence. The argument made in *Urynowicz* was that defendant had to be informed he was facing a five-year mandatory minimum sentence as a second-time violator of the criminal sexual conduct statute, MCL 750.520a *et seq.;* MSA 28.788(1) *et seq.,* for his guilty plea to be deemed effective. The Supreme Court disagreed, holding that since defendant had not been charged as a second offender, the five-year mandatory minimum sentence was inapplicable. There is nothing in the Supreme Court opinion in *Urynowicz* which suggests that it was confronted with the issue of what the phrase "for life or for any term of years" means. Moreover, I find it inherently implausible that the Supreme Court did mean to be understood as addressing the "life or any term of years" controversy. In *Urynowicz,* the Supreme Court reversed in lieu of granting the prosecution leave to appeal. In this Court, the prosecution simply argued what the Supreme Court ultimately held, namely: that unless defendant has been charged as a second offender under the criminal sexual conduct statute, there is no five-year mandatory minimum prison term.

I have no reason to believe that the Michigan Supreme Court was reaching out to decide an issue neither raised nor briefed by the parties when it said in *Urynowicz:*

"This defendant was not charged under § 520f. Conse-

quently, there was no mandatory minimum of which advice under GCR 1963, 785.7(1)(d) was required." *Id.,* 144.

If and when the Michigan Supreme Court makes a comparable statement in a case in which I am convinced it really means to be understood as resolving the controversy over the "life or any term of years" language, I will adhere to it. Until such time, I will continue to construe the disputed phrase as intended to have a meaning by the Legislature.

I would find defendant's sentence invalid and modify it to provide for a term of imprisonment of a year and a day.