PEOPLE v GRAY

Docket No. 60035. Submitted September 15, 1982, at Grand Rapids.—
    Decided December 7, 1982. Leave to appeal applied for.
    Glenn G. Gray was convicted, on his pleas of guilty, of armed
    robbery and first-degree criminal sexual conduct, Recorder's
    Court of Detroit, Evelyn Cooper, J. He appealed, alleging that
    he had not been told he could not receive probation for an
    armed robbery conviction, that he had not been told of a
    mandatory minimum sentence for first-degree criminal sexual
    conduct and that there was an insufficient factual basis to
    support his conviction of criminal sexual conduct. *Held:*

    1. A conviction of armed robbery based on a plea of guilty
    must be reversed on appeal where the defendant was not told
    prior to his plea that he could not receive probation for that
    offense.

    2. Because of the uncertainty in the law as to whether that
    statutory phrase "life or any term of years" encompasses a
    mandatory minimum sentence, reversal does not seem war-
    ranted.

    3. The facts were sufficient to support his criminal sexual
    conduct conviction.

    Affirmed in part, reversed in part and remanded with in-
    structions.

    CYNAR, J., concurred in the result only.

ROBBERY — GUILTY PLEAS — APPEAL — COURT RULES.
    A conviction of armed robbery based on a plea of guilty must be
    reversed on appeal, where the defendant was not told prior to
    his plea that he could not receive probation for that offense
    (GCR 1963, 785.1[1][f]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Dep-

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 477.

uty Chief, Civil and Appeals, and *John A. Scavone,* Assistant Prosecuting Attorney, for the people.

*Warren H. Siegel,* for defendant on appeal.

Before: Bronson, P.J., and Beasley and Cynar, JJ.

Bronson, P.J. Defendant pled guilty to charges of armed robbery, MCL 750.529; MSA 28.797, and first-degree criminal sexual conduct (CSC I), MCL 750.520b; MSA 28.788(2). He appeals by right.

Defendant's armed robbery conviction must be reversed because he was not told he could not receive probation for that offense. *People v Rogers,* 412 Mich 669; 316 NW2d 701 (1982). The people's argument that the *Rogers* decision should not be applied retroactively misses the point. Defendant is not asking for retroactive application. *Rogers* set forth a new rule for appellate courts to follow to remedy violations of GCR 1963, 785.7(1)(f). The rule's application to cases decided by this Court after the date of the *Rogers* decision is prospective, not retroactive.

Defendant also contends that his CSC I conviction must be reversed because he was not told that there was a mandatory minimum sentence for that offense. GCR 1963, 785.7(1)(d). CSC I is a felony punishable by imprisonment for "life or for any term of years". Presently, there is a split of authority on this Court concerning the meaning of this phrase. Some panels have held that a felony allowing a sentence of life or any term of years imposes a mandatory minimum sentence; the majority have disagreed. See *People v Luke,* 115 Mich App 223; 320 NW2d 350 (1982).

I continue to adhere to the position that there is a mandatory minimum, as stated in my concurring

opinion in *People v West,* 113 Mich App 1; 317 NW2d 261 (1982). See also my dissent in *People v Luke, supra.* Nonetheless, I vote to affirm defendant's CSC I conviction.

The advice to defendant given by the judge was consistent with the law as stated in numerous opinions of this Court.ʹ Defendant could not have been disadvantaged by the absence of advice of a mandatory minimum sentence, unless the sentencing judge believed that a mandatory minimum existed. Nothing in the record suggests that this was her belief. While reversal is the required remedy for failure to inform a defendant of any applicable mandatory minimum sentence, it is not an appropriate remedy when no mandatory minimum is applied by the trial judge.

It is not my intent here to attempt to create a general exception to the Supreme Court's remedial rules for noncompliance with GCR 1963, 785.7, or to insist that a defendant show himself prejudiced by noncompliance. The split of authority on this Court on the existence of a mandatory minimum sentence has placed a plea-taking court in an untenable position. The court can inform a defendant of a mandatory minimum and face a remand for resentencing if panel members believe there is none. The court can state that there is no mandatory minimum and face reversal if panel members believe there is one. Finally, the court can inform a defendant that he can be sentenced to "life or any terms of years". Presently, no member of this Court has voted to reverse a conviction where a defendant is so informed. See, *e.g., People v Taylor,* 112 Mich App 94; 315 NW2d 202 (1981). This, however, is a resolution to the problem which is unsatisfactory now and will not be effective for long. Soon, a defendant will ask what the phrase

"life or any term of years" means and this resolution will become unacceptable.

I recognize that the Supreme Court has mandated reversal as the remedy for certain violations of the guilty plea rules, even where a defendant cannot show that he was prejudiced by noncompliance. I think the Court's position stems from its belief that the remedy of mandatory reversal will force trial judges and prosecutors to take more seriously their roles in ensuring that all pleas taken comply with the rules. There is no room for doubt that a rule mandating reversal will have this effect. In cases like the present one, however, defendant asks this Court to reverse a conviction where full compliance with the rules was had, consistent with a majority of this Court's opinions on the matter. Reversal in cases such as this one would not promote compliance with the guilty plea rules. I see no reason to reverse defendant's CSC I conviction.

Defendant also claims that no adequate factual basis was elicited for his CSC I conviction. Defendant's plea was taken on the basis that he aided and abetted two other men who raped the robbery victim in the course of the robbery. Defendant knew of his cohorts' plans to rape the victim before they entered her house. Defendant himself went through the house looking for property to take while his accomplices took the victim to the back of her house to rape her. We think that the crime of aiding and abetting CSC I is clearly made out from these facts. It was reasonable to infer that defendant, knowing of the plan to rape the robbery victim, rendered aid to the principals by his participation in the robbery, the event which rendered the victim helpless against her assailants.

Both the defendant and the prosecutor agree that *People v Berry,* 409 Mich 774; 298 NW2d 434 (1980), requires that defendant be resentenced, at which time he shall be acccorded his personal right of allocution, GCR 1963, 785.8.

Remanded to the trial court for proceedings consistent with this opinion.

CYNAR, J., concurs in result only.