PEOPLE v ANTHONY WOODS #1

Docket No. 62606. Submitted October 21, 1982, at Detroit.—Decided
March 9, 1983. Leave to appeal applied for.

Anthony Woods was convicted, on his plea of guilty, of armed
robbery, Ingham Circuit Court, James T. Kallman, J. Defen-
dant appealed, alleging error in the court's failure to advise
him of the mandatory minimum sentence for armed robbery.
*Held:*

Defendant's conviction need not be reversed.

CYNAR, J., believed there is no mandatory minimum.

BRONSON, J., believed there is a mandatory minimum but
that, because of the uncertainty in the law on that point,
defendant's conviction should be affirmed.

Affirmed.

R. M. MAHER, P.J., dissented. He believed that there is a
mandatory minimum sentence for armed robbery and that
defendant's conviction should have been reversed.

OPINION OF CYNAR, J.

1. ROBBERY — ARMED ROBBERY — MINIMUM SENTENCES.

The phrase "life or any term of years" as used in the armed
robbery statute does not establish a mandatory minimum sen-
tence upon conviction (MCL 750.529; MSA 28.797).

OPINION OF BRONSON, J.

2. ROBBERY — APPEAL — ARMED ROBBERY — GUILTY PLEAS — MINI-
MUM SENTENCES.

Reversal of a conviction of armed robbery based on a plea of
guilty is not warranted where the court fails to inform the
defendant of a mandatory minimum sentence because the law

REFERENCES FOR POINTS IN HEADNOTES
[1] 67 Am Jur 2d, Robbery §§ 76, 78.
[2, 3] 21 Am Jur 2d, Criminal Law § 473 *et seq.*
Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof. 97
ALR2d 549.

*is unclear as to whether an armed robbery conviction carries a
mandatory minimum sentence.*

OPINION OF R. M. MAHER, P.J.

3. ROBBERY — APPEAL — ARMED ROBBERY — GUILTY PLEAS — MINI-
MUM SENTENCES — COURT RULES.

*The armed robbery statute imposes a mandatory minimum sen-
tence and failure of a trial court to so advise a defendant prior
to accepting his plea of guilty requires reversal (MCL 750.529;
MSA 28.797; GCR 1963, 785.7[1][d]).*

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Peter D. Houk,* Prose-
cuting Attorney, *Janis L. Blough,* Chief Appellate
Attorney, and *Douglas A. Van Epps,* Assistant
Prosecuting Attorney, for the people.

State Appellate Defender (by *Derrick A. Carter),*
for defendant on appeal.

Before: R. M. MAHER, P.J., and BRONSON and
CYNAR, JJ.

CYNAR, J. Defendant pled guilty to armed rob-
bery, MCL 750.529; MSA 28.797, in exchange for a
sentence of 10 to 20 years imprisonment. He ap-
peals by right.

Defendant contends that his conviction should
be reversed because the trial court failed to inform
him of the mandatory minimum prison sentence
for armed robbery.

The armed robbery statute, MCL 750.529; MSA
28.797, states that the crime of armed robbery is a
felony and specifies punishment by imprisonment
in the state prison "for life or for any term of
years".

GCR 1963, 785.7(1)(d) requires the trial court to
inform a defendant of the "mandatory minimum
prison sentence, if any, for the offense".

Under the crime identified herein, the imposition of a sentence "for life" would not involve a "term of years". When imposing a sentence for "any term of years", the trial court must impose the statutory maximum and set a minimum sentence pursuant to its discretion. The court rule does not mandate a specific minimum but leaves the determination of the minimum to the discretion of the trial court. For instance, the trial judge in a certain case might set a minimum of one year and a day. If this occurs, however, such minimum is imposed not pursuant to a mandate but in the exercise of discretion. It is not correct to label "for life" as the maximum and "any term of years" as the minimum in some instances where an exceptionally high sentence for a term of years is imposed.

The weight of authority at the present time indicates that the language "any term of years" does not establish a mandatory minimum sentence. See *People v Luke,* 115 Mich App 223; 320 NW2d 350 (1982); *People v Eberly,* 110 Mich App 349; 313 NW2d 123 (1981); *People v Earl Jones,* 94 Mich App 232; 288 NW2d 385 (1979), *lv den* 409 Mich 854 (1980); *People v Landis,* 91 Mich App 345; 283 NW2d 647 (1979); *People v Freeman,* 73 Mich App 568; 252 NW2d 518 (1977); *People v McKnight,* 72 Mich App 282; 249 NW2d 392 (1976), *lv den* 399 Mich 848 (1977). See, also, *People v Urynowicz,* 412 Mich 137; 312 NW2d 625 (1981).

Because there is no mandatory minimum sentence for armed robbery, the trial court did not err by failing to inform defendant of a mandatory minimum sentence for armed robbery.

Affirmed.

BRONSON, J. *(concurring).* I concur in the result

for the reasons stated in my opinion in *People v Gray,* 121 Mich App 788; 329 NW2d 493 (1982). I continue to believe that armed robbery carries a mandatory minimum term.

R. M. MAHER, P.J. *(dissenting).* I must dissent.

I believe that the armed robbery statute, MCL 750.529; MSA 28.797, imposes a mandatory minimum sentence. See *People v Taylor,* 112 Mich App 94; 315 NW2d 202 (1981). Because the trial court did not inform the defendant of this mandatory minimum sentence before accepting defendant's plea it failed to comply with GCR 1963, 785.7(1)(d). Consequently, I would reverse.