PEOPLE v PRICE

Docket No. 65749. Submitted February 18, 1983, at Detroit.—Decided
April 6, 1983. Leave to appeal denied, 417 Mich __.

Vincent Price was convicted on his plea of guilty in Monroe
Circuit Court, Daniel L. Sullivan, J., of armed robbery and,
pursuant to a sentence bargain, was sentenced to a prison term
of from 12 to 20 years. Pursuant to the plea-bargain agreement,
certain other charges were dropped. Defendant appeals. *Held:*

1. The language of the armed robbery statute does not
mandate a minimum prison term. Accordingly, the trial court's
failure to inform the defendant of a minimum sentence prior to
acceptance of the plea does not mandate reversal.

2. The trial court was not required to inform the defendant of
the consequences of Proposal B, which mandated that for
certain enumerated felonies, including armed robbery, the
minimum sentence imposed by the court could not be dimin-
ished by parole, special parole, good time or special good time.

3. Even though there was a sentence bargain and defense
counsel addressed the court prior to the imposition of sentence,
the court rules clearly mandate that the defendant shall be
given an opportunity to address the court prior to the imposi-
tion of sentence. The failure of the trial court to ask the
defedant if he had anything to say or to give the defendant the
opportunity to address the court mandates vacation of the
sentence and a remand for resentencing.

Affirmed, but remanded for resentencing.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 472.
67 Am Jur 2d, Robbery § 78.
Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof. 97
ALR2d 549.
[2] 73 Am Jur 2d, Statutes § 258.
[3] 73 Am Jur 2d, Statutes §§ 236, 343.
[4] 21 Am Jur 2d, Criminal Law § 477.
[5] 21 Am Jur 2d, Criminal § 531.
Necessity and sufficiency of question to defendant as to whether he
has anything to say why sentence should not be pronounced
against him. 96 ALR2d 1292.

BRONSON, J., concurred. While he would hold that the armed robbery statute mandates a minimum sentence, he would hold that reversal of the guilty plea is not required under the circumstances of this case.

## OPINION OF THE COURT

1. ARMED ROBBERY — SENTENCING — MINIMUM SENTENCE — GUILTY PLEAS.

The phrase "any term of years" as used in the armed robbery statute does not mandate a minimum prison term; accordingly, it is not error for a trial court to fail to inform a criminal defendant prior to acceptance of a guilty plea to armed robbery that there is a mandatory minimum sentence (MCL 750.529; MSA 28.797; GCR 1963, 785.7[1][d]).

2. STATUTES — JUDICIAL CONSTRUCTION — LEGISLATIVE INTENT.

Statutes, if ambiguous, are interpreted to give effect to the intention 'of the legislative drafters; legislative intent may be extracted from the language of the statute as a whole.

3. STATUTES — JUDICIAL CONSTRUCTION — AMENDMENT OF STATUTES.

An amendment to a statute is generally construed as changing the meaning of the statute.

4. CRIMINAL LAW — GUILTY PLEAS — PROPOSAL B.

A trial court does not need to inform a criminal defendant of the consequences of Proposal B, which mandates that the minimum sentences for certain enumerated felonies cannot be diminished by parole, special parole, good time or special good time, prior to acceptance of a guilty plea to one of the enumerated felonies (MCL 791.233b; MSA 28.2303[3]; GCR 1963, 785.7).

5. CRIMINAL LAW — SENTENCING — ALLOCUTION.

Resentencing is mandated where the trial court, prior to imposing sentence, did not specifically ask a defendant if he had anything to say or gave a defendant the opportunity to address the court even where defendant's attorney addressed the court; the court rules mandate that the defendant and his attorney be given a reasonable opportunity to address court and failure to comply strictly with the mandate of the rules requires resentencing (GCR 1963, 785.6, 785.9).

## CONCURRENCE BY BRONSON, J.

6. ARMED ROBBERY — SENTENCING — MINIMUM SENTENCE — GUILTY PLEAS.

*The language of the armed robbery statute which fixes punish-*

*ment as imprisonment for "life or any term of years" has the
effect of creating a mandatory minimum sentence; however, a
guilty plea for armed robbery need not be set aside on the basis
of the failure to inform the defendant of the mandatory mini-
mum sentence where the trial judge did not believe that a
mandatory minimum sentence existed, since reversal under
such circumstances would not promote the objectives of the
court rule governing the taking of guilty pleas (MCL 750.529;
MSA 28.797; GCR 1963, 785.7[1][d]).*

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Michael LaBeau,* Prose-
cuting Attorney, and *James G. Petrangelo,* Assis-
tant Prosecuting Attorney, for the people.

*Gregory B. Jones,* for defendant on appeal.

Before: MacKenzie, P.J., and Bronson and
Hood, JJ.

Per Curiam. Defendant was charged with two
counts of armed robbery, MCL 750.529; MSA
28.797, and possession of a firearm in the commis-
sion of a felony, MCL 750.227b; MSA 28.424(2). At
his arraignment, defendant pled guilty to an added
count of armed robbery after the prosecutor
agreed to drop the three original charges. Pursu-
ant to a sentence bargain, the trial court sen-
tenced defendant to 12 to 20 years imprisonment.
Defendant appeals as of right, raising three issues.

First, defendant argues that the trial court vio-
lated the mandate of GCR 1963, 785.7(1)(d) by
failing to inform him of the mandatory minimum
prison sentence for armed robbery. See, *People v
Jones,* 410 Mich 407, 411; 301 NW2d 822 (1981).
We disagree.

The armed robbery statute provides that a con-
viction for that crime is punishable by a prison
sentence for life or for any term of years. We
agree with those decisions in this Court which

hold that the language "any term of years" does not mandate a minimum prison term. *People v McKnight,* 72 Mich App 282; 249 NW2d 392 (1976); *People v Freeman,* 73 Mich App 568; 252 NW2d 518 (1977); *People v Landis,* 91 Mich App 345; 283 NW2d 647 (1979); *People v Earl Jones,* 94 Mich App 232; 288 NW2d 385 (1979), *lv den* 409 Mich 854 (1980); *People v Eberly,* 110 Mich App 349; 313 NW2d 123 (1981); *People v Luke,* 115 Mich App 223; 320 NW2d 350 (1982); *People v Scott,* 115 Mich App 273; 320 NW2d 242 (1982). We agree with that statutory interpretation despite those decisions in this Court which construe the statutory langauge as establishing a minimum mandatory sentence of "any term of years", *People v Taylor,* 112 Mich App 94; 315 NW2d 202 (1981), or a minimum mandatory sentence of a year and a day, *People v Harper,* 83 Mich App 390; 269 NW2d 470 (1978), *lv den* 406 Mich 1021 (1979); *People v West,* 113 Mich App 1; 317 NW2d 261 (1982).

A statute is to be interpreted, if ambiguous, to give effect to the intention of the legislative drafters. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956). Insight to the legislative intent may be extracted from the language of the statute as a whole. *Kizer v Livingston County Bd of Comm'rs,* 38 Mich App 239, 249-250; 195 NW2d 884 (1972).

The armed robbery statute provides:

"Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison

for life or for any term of years. If an aggravated assault or serious injury is inflicted by any person while committing an armed robbery as defined in this section, the sentence shall be not less than 2 years' imprisonment in the state prison." MCL 750.529; MSA 28.797.

The last sentence of this statute was added by amendment, 1959 PA 71, effective March 19, 1960. Prior to this amendment, the meaning of the language "any term of years" had been interpreted in *People v Burridge,* 99 Mich 343; 58 NW 319 (1894), as establishing a minimum sentence of not less than two years. However, an amendment is generally construed as changing the meaning of the statute. *Reinelt v Public School Employees Retirement Bd,* 87 Mich App 769, 774; 276 NW2d 858, *lv den* 407 Mich 855 (1979). Thus, we infer that the 1959 Legislature implicitly rejected the *Burridge* rule. Otherwise, there would have been no need to add the clear language establishing a mandatory minimum sentence of two years for an armed robber who also injures or aggravatedly assaults another during the robbery. We also conclude that logical interpretation of the statute as a whole, including the amendatory language, creates a mandatory minimum sentence only if the convicted robber injures or aggravatedly assaults another during the robbery. Therefore, the Legislature, by leaving the language "any term of years", left the minimum term discretionary for all other convicted armed robbers. While we agree with Judge BRONSON's analysis in *People v West, supra,* p 8, that a convicted armed robber must be detained in prison for some term because armed robbery is a nonprobationable offense, we decline to find the langauge "any term of years" a mandate for a specific minimum sentence.

Defendant's second argument is that his convic-

tion should be reversed because his guilty plea was not knowingly or understandingly made because the trial court failed to inform him of the sentencing consequences of Proposal B, MCL 791.233b; MSA 28.2303(3). Ballot Proposal B, a voter-initiated law, mandates that the minimum prison terms for certain enumerated felonies, including armed robbery, cannot be diminished by parole or allowance for good time, special good time, or special parole. The Supreme Court resolved the split of authority in this Court on this issue in *People v Johnson,* 413 Mich 487, 490; 320 NW2d 876 (1982). GCR 1963, 785.7 does not require advice as to the consequences of Proposal B.

Defendant's third argument is that a remand for resentencing is required because the trial court failed to give defendant an opportunity to address the court before sentencing was imposed. GCR 1963, 785.8(2). Defendant's attorney did address the court, but the trial court did not ask defendant if he had anything to say or give defendant an opportunity to speak. In *People v Berry,* 409 Mich 774, 779; 298 NW2d 434 (1980), the Court said that GCR 1963, 785.8(2) and 785.9 require that both defendant and his or her counsel be given an opportunity to address the court before sentence is imposed. Furthermore, even if a sentence bargain is struck, as in this case, defendant must be given the same opportunity to speak before sentencing. *Berry, supra,* p 780. Because the Court requires strict compliance, *Berry, supra,* p 781, we vacate defendant's sentence and remand for resentencing.

Conviction affirmed. Sentence vacated and remanded for resentencing.

Judge BRONSON concurs in the result for the reasons stated in his opinion in *People v Gray,* 121 Mich App 788; 329 NW2d 493 (1982).