## PEOPLE v SEAYS

Docket No. 56143. Submitted March 17, 1982, at Detroit.—Decided June 6, 1983. Leave to appeal denied, 418 Mich ___.

Defendant, James R. Seays, pled guilty in the Wayne Circuit Court to armed robbery and possession of a firearm during the commission of a felony. The trial court, Harold Hood, J., sentenced defendant to serve a term of imprisonment of from one year and one day to ten years for the armed robbery after a consecutive term of two years imprisonment for the felony-firearm violation. Defendant appeals alleging several errors. *Held:*

BRONSON, P.J., opined:

1. The trial court correctly determined that the minimum prison term for armed robbery was one year and one day. Therefore, the defendant was not sentenced under a mistake of law.

2. The trial court, by advising defendant that the minimum sentence for armed robbery is "any term of years", satisfied the requirement of the court rule providing that a defendant be informed of any mandatory minimum prison sentence to which he is subjecting himself by pleading guilty. That is all that is minimally required although the better practice is to advise the defendant that the mandatory minimum sentence is one year and one day.

3. The trial court did not err in failing to inform defendant of the consequences of MCL 791.233b, popularly known as Proposal B.

4. The convictions for both armed robbery and possession of a firearm during the commission of a felony are not violative of the constitutional prohibitions against double jeopardy.

J. R. ERNST, J., concurred in the result only.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 67 Am Jur 2d, Robbery § 76.

[2] 21 Am Jur 2d, Criminal Law §§ 472, 476.

[3] [No Reference]

[4] 21 Am Jur 2d, Criminal Law § 267.

67 Am Jur 2d, Robbery §§ 48, 97.

CYNAR, J., concurred in the result, however, he would hold that there is no mandatory minimum sentence for armed robbery.

OPINION BY BRONSON, P.J.

1. CRIMINAL LAW — ROBBERY — ARMED ROBBERY — MINIMUM SENTENCES.

The phrase "any term of years" as used in the armed robbery statute establishes a mandatory minimum sentence of one year and one day upon conviction (MCL 750.529; MSA 28.797).

2. CRIMINAL LAW — ROBBERY — ARMED ROBBERY — MINIMUM SENTENCES — GUILTY PLEAS — COURT RULES.

A trial court, by advising a defendant that the minimum sentence for armed robbery is "any term of years", satisfies the court rule which requires that the defendant be informed of any mandatory minimum prison sentence to which he is subjecting himself by pleading guilty; it is not an absolute necessity that the defendant be given an actual minimum figure at the time of sentencing (GCR 1963, 785.7[1][d]).

3. WORDS AND PHRASES — "ANY TERM OF YEARS".

The phrase "any term of years" literally means at least two years.

4. CONSTITUTIONAL LAW — ARMED ROBBERY — FELONY-FIREARM — DOUBLE JEOPARDY.

The conviction of a defendant for both armed robbery and possession of a firearm during the commission of the armed robbery is not violative of the constitutional prohibitions against double jeopardy (US Const, Am V; Const 1963, art 1, § 15).

OPINION BY CYNAR, J.

5. CRIMINAL LAW — ROBBERY — ARMED ROBBERY — MINIMUM SENTENCES.

There is no mandatory minimum sentence for armed robbery (MCL 750.529; MSA 28.797).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *R. Steven Whalen*), for defendant on appeal.

Before: BRONSON, P.J., and CYNAR and J. R. ERNST,* JJ.

BRONSON, P.J. Defendant pled guilty in the Wayne County Circuit Court to armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to serve a term of imprisonment of from one year and one day to ten years for the robbery after a consecutive term of two years imprisonment for the felony-firearm violation. Defendant now appeals as of right.

Defendant first contends that he is entitled to a remand for resentencing because the trial court erroneously believed that the minimum prison sentence it could mete out for armed robbery was a year and a day. There is currently a split of authority in this Court on the issue of whether there is any mandatory minimum sentence for armed robbery. See the three opinions in *People v West,* 113 Mich App 1; 317 NW2d 261 (1982), for citations and an explication of reasons. I adhere to my position in *West* and *People v Luke,* 115 Mich App 223; 320 NW2d 350 (1982), and conclude that the trial court correctly determined that the minimum *prison* term for armed robbery was one year and one day. As such, it is my opinion that defendant was not sentenced under a mistake of law.

Defendant also asserts that if armed robbery had a mandatory minimum sentence, the trial court's advice that this minimum sentence is "a term of years" was insufficient to comply with

* Circuit judge, sitting on the Court of Appeals by assignment.

GCR 1963, 785.7(1)(d), which requires that defendant be informed of any mandatory minimum prison sentence to which he is subjecting himself by pleading guilty. Judge Kelly's opinion in *People v Harper,* 83 Mich App 390, 397-398; 269 NW2d 470 (1978), *lv den* 406 Mich 1021 (1979), Judge Corkin's opinion in *People v Earl Jones,* 94 Mich App 232; 288 NW2d 385 (1979), *lv den* 409 Mich 854 (1980), and this Court's opinions in *People v Lendzian,* 80 Mich App 323; 263 NW2d 360 (1977), and *People v Taylor,* 112 Mich App 94; 315 NW2d 202 (1981), all stand for the proposition that, by advising defendant that the minimum sentence for armed robbery is "any term of years", the mandate of GCR 1963, 785.7(1)(d) is satisfied. I believe that this is all that is minimally required. At the same time, I believe that the better practice is to advise the defendant that the mandatory minimum sentence is one year and one day. The following excerpt from defendant's brief on appeal makes a valid point:

"Defendant recognizes that in *People v Harper,* 83 Mich App 390; 269 NW2d 470 (1978), and *People v Lendzian,* 80 Mich App 323; 263 NW2d 360 (1977), panels of the Court of Appeals [have] held that advising a defendant that the mandatory minimum sentence for armed robbery is 'any number of years' is sufficient compliance with the guilty plea court rule. However, given the ambiguity of that advice, as reflected in the conflicting appellate decisions, defendant seriously questions the adequacy of that advice. The better rule would require giving a defendant specific numbers. If the mandatory minimum is a year and a day, the defendant should be so told; there is no reason to be coy by tossing out legalistic jargon which is subject to differing interpretations."

Nonetheless, despite the overall soundness of the

argument embodied in this excerpt, we do not deem it an absolute necessity for defendant to be given an actual minimum figure at the time of sentencing. To the extent that telling defendant the mandatory minimum prison sentence for armed robbery is "any term of years" misleads, it does not harm defendant. The phrase "any term of years" literally means at least two years. See *People v Burridge,* 99 Mich 343, 345; 58 NW 319 (1894). Where a defendant assumes that this literal construction of "any term of years" is meant (and it certainly would be unreasonable for him to assume anything else) but nonetheless is willing to plead guilty, it is impossible to believe that he would not have chosen to plead guilty knowing he might obtain a prison sentence as light as one year and one day. Accordingly, we do not believe the court's advice here warrants vacating defendant's plea-based conviction.

Defendant next argues that the trial court erred in failing to inform defendant of the consequences of Proposal B. MCL 791.233b; MSA 28.2303(3). We disagree. See *People v Johnson,* 413 Mich 487; 320 NW2d 876 (1982).

We also reject defendant's contention that convictions for both armed robbery and possession of a firearm during the commission of a felony is violative of constitutional prohibitions against double jeopardy. *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979), *app dis sub nom Brintley v Michigan,* 444 US 948; 100 S Ct 418; 62 L Ed 2d 317 (1979).

Affirmed.

J. R. ERNST, J., concurred in the result only.

CYNAR, J. *(concurring).* My position remains unchanged. There is no mandatory minimum sen-

tence for armed robbery. *People v Luke,* 115 Mich App 223; 320 NW2d 350 (1982); *People v Eberly,* 110 Mich App 349; 313 NW2d 123 (1981); *People v Earl Jones,* 94 Mich App 232; 288 NW2d 385 (1979), *lv den* 409 Mich 854 (1980). In affirming, I agree with my colleague Judge Bronson that the court's advice here does not warrant vacating defendant's plea-based conviction.